JAMES J. MORRISON *et al.*

*v.*

C. M. FORMAN, Receiver, *et al.*

*Opinion filed December 21, 1898—Rehearing denied February 9, 1899.*

1. EMINENT DOMAIN—*legal existence of petitioning corporation cannot be questioned in condemnation.* The legal existence of a corporation cannot be questioned in a proceeding instituted by it to condemn land for railroad purposes, it being sufficient that the petitioner is a corporation *de facto*, authorized by statute to be organized.

2. SAME—*court may clothe receiver with power to condemn to complete corporation's undertaking.* A court of equity having railroad property in charge may clothe its receiver with such power as the corporation possessed to condemn any real estate needed to finish the construction of its railroad, on which the corporation was engaged when the receiver was appointed.

APPEAL from the Circuit Court of Randolph county; the Hon. B. R. BURROUGHS, Judge, presiding.

The appellee, C. M. Forman, who was appointed receiver of the Centralia and Chester Railroad Company by the United States Circuit Court for the Southern District of the State of Illinois, filed a petition in his name, as receiver, in the circuit court of Randolph county, praying for a judgment of condemnation of certain lots in the city of Chester belonging to the appellants, for

the purpose of appropriating the same to the uses of the said corporation as depot grounds, yardage and sidings in the city of Chester. The petition, over the objections of the appellants, was afterwards amended, making the corporation the petitioner, by the said C. M. Forman, as receiver. After a hearing before the court and a jury judgments of condemnation were entered as prayed in the petition. This is an appeal from such judgments.

The petition alleged, and it appeared in the proofs, that articles of incorporation were filed December 1, 1885, whereby the said corporation was authorized to build and operate a railroad within the State of Illinois, the termini being the city of Centralia, in the county of Marion, and the city of Chester, in the county of Randolph; that the said Forman was appointed receiver of the said corporation on the 8th day of June, 1897, by the said United States Circuit Court, at which time the corporation had completed the road from Centralia to the village of Evansville, a point nearly eighteen miles distant from the terminus at Chester, and was operating the same; that the corporation had located its line from Evansville to Chester, had obtained the right of way and constructed the greater part, if not all, of the grading of the bed of the road, and had built the necessary bridges across a number of water-courses on the line; that the said United States Circuit Court had ordered the said receiver to complete the road to Chester and put it in operation throughout its entire length; that the corporation had located its line in said city of Chester, and that the said city had adopted an ordinance authorizing the road to be constructed and operated along Water street; that the water of the Mississippi river had encroached upon said Water street until there was in fact not room thereon to construct the track of the road, and it therefore became necessary other grounds should be secured on which to build and operate the line of said road in the said city, and also necessary that grounds for depot purposes and

for side-tracks and yards should be obtained; that said receiver filed his petition in said United States Circuit Court, wherein he advised said court of all the facts, and asked the court for authority to condemn land for a depot site and for side-tracks and yardage; that said court entered an order granting the prayer of the petition and authorizing and ordering him to proceed and acquire the said necessary grounds by condemnation; that the lots in question are owned by the appellants, and are necessary for the depot, sidings and yardage, and that the receiver was unable to agree with them for the purchase of such real estate. It also appeared the representative of the holders of the bonds of the railroad company and the president of the company consented to and favored the course the receiver desired to pursue.

H. CLAY HORNER, for appellants.

A. G. GORDON, and FORMAN & BROWNING, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The errors assigned present but two contentions on the part of the appellants, and they will be considered in the order urged.

*First*—Appellants insist it appeared the corporation had failed to finish its road within ten years from the filing of its articles of association, and that therefore its corporate existence and power should be deemed to have determined, in obedience to the provisions of section 26 of chapter 114 of the Revised Statutes, entitled "Railroads." This contention cannot be maintained. In a proceeding for the condemnation of real estate for railroad uses the question of the *de jure* existence of the company cannot be determined. It is sufficient that the statute authorized the organization of the corporation and that the petitioner is a corporation *de facto*. Whether or not

it has a legal existence as a corporation can only be determined by a direct proceeding,—the writ of *quo warranto. Peoria and Pekin Union Railway Co.* v. *Peoria and Farmington Railway Co.* 105 Ill. 110; *Chicago and Northwestern Railway Co.* v. *Chicago and Evanston Railroad Co.* 112 id. 589.

*Second*—Appellants urge that the power to condemn real estate cannot be exercised by the receiver of a corporation, nor by a corporation in the name of a receiver, and that the power of eminent domain is granted as a personal trust. Corporate existence is not terminated by the appointment of a receiver, and, in general, the power of condemnation is not transferred to the receiver but remains in the corporation. The facts of this case, however, bring it within a well recognized exception to this general rule. A court of equity having in charge the property of a railroad company is authorized to do any act within the corporate power the performance of which is necessary to preserve the property of the company for the benefit of the company and its creditors. If, when property comes into the hands of the court, the corporation is engaged in some proper and legitimate undertaking the completion whereof is essential to the successful maintenance and operation of the road and to the preservation of the property, the court may proceed to complete the undertaking, and if required will transfer to and clothe its receiver with such power and authority as the corporation possessed to institute the appropriate legal proceedings to condemn any real estate which ought to be acquired in order to finish and make useful and available that which the corporation was engaged in constructing when the court displaced it in the possession of its property. Elliot on Railroads, p. 1352; Randolph on Eminent Domain, p. 100; High on Receivers, (3d ed.) pp. 356, 357.

The judgment is affirmed.          *Judgment affirmed.*