### Gilmer Creamery Association, Appellee, v. George Quentin, Appellant.

### Gen. No. 5,014.

1. LANDLORD AND TENANT—*when execution of lease by corporation sufficient.* In an action for the recovery of arrears of rent accruing during occupancy, a lease signed by two of the three directors of a corporation plaintiff is competent where it is apparent that such directors signed for the purpose of binding the corporation.

2. PLEADING—*what plea in bar.* While a plea that there is no such corporation as the defendant named is in abatement and cannot be tried at the same time with a plea in bar, yet a plea denying that the plaintiff is a corporation is a plea in bar.

3. CORPORATIONS—*when question of forfeiture of charter will not be collaterally considered.* In an action for rent by a corporation the question as to whether its charter has been forfeited will not be considered.

4. CORPORATIONS—*when estoppel to deny corporate existence arises.* A party who has dealt with a corporation as an existing corporation and has received and used its property under an agreement with it, cannot, in a suit to collect the stipulated sum, be permitted to deny the corporate existence of such corporation.

5. CORPORATIONS—*effect of cancelation of charter by secretary of state.* The cancelation which the statute authorizes the secretary of state to enter upon his records in case the corporation fails to make its annual report, is not an absolute forfeiture of the charter but is merely *prima facie* evidence of non-user of which the public can avail in a direct proceeding to oust the corporation of its franchise.

6. INSTRUCTIONS—*when peremptory should not be given.* If the evidence introduced in behalf of the party against whom a peremptory instruction is asked, with the legitimate inferences to be

drawn therefrom, fairly tends to support the cause of action or the defense of such party, the weight and sufficiency of such evidence and the question where the preponderance lies, must be submitted to the jury, even though the court should be of the opinion that the weight was on the side of the party asking the instruction.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lake county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

BEN. H. MILLER, for appellant; CHARLES WHITNEY, of counsel.

COOKE, POPE & POPE, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant to recover rent alleged to be due under a lease, and recovered a judgment before a justice. In the Circuit Court, on appeal, the cause was tried by a jury and at the close of appellee's evidence the court instructed the jury to find for the appellee and assess its damages at $166.66. Such a verdict was returned, a motion by appellant for a new trial was denied, appellee had judgment on the verdict and defendant below prosecutes this further appeal.

Appellee is an Illinois corporation, organized to manufacture butter and cheese. Appellant contends that the court erred in admitting in evidence the lease, on the ground that it does not appear to have been executed by the corporation. The lease, which is not under seal, purports to be between the Gilmer Creamery Association, as party of the first part, and George Quentin, as party of the second part, and thereby the first party purports to lease, to the second party, the Gilmer cheese and butter factory, all machinery, etc., from May 1, 1904, to May 1, 1905, at $50 per month. The lease was in two parts. The first part was

signed only by George Quentin. Upon the execution of the instrument he took possession, and he paid rent thereunder, for several months. It was unnecessary for appellee to prove that it executed the lease at all, in this suit against appellant for rent. If he signed the lease promising to pay rent to appellee and appellee then put him in possession and he enjoyed the premises and attorned to appellee and paid rent, he would be liable for whatever rent was in arrear during the time he was so in possession, whether appellee signed the lease or not.

Appellee did deliver to appellant another copy of the lease signed only by H. C. Meyer and Henry Blume, without the corporate name being signed to said lease. These two signers of the second copy were in fact, two of the three directors of the corporation, and it is clear that they signed for the purpose of binding the corporation. The court properly admitted the lease.

In the Circuit Court appellant filed a plea that, at the time of the commencement of the suit, there was no such corporation as the Gilmer Creamery Association. While a plea that there is no such corporation as the defendant named is in abatement and cannot be tried at the same time with a plea in bar, yet a plea denying that the plaintiff is a corporation, is a plea in bar. Keokuk Bridge Co. v. Wetzel, 228 Ill. 253. It would seem, therefore, that appellant was entitled to the benefit of this plea. Appellee offered in evidence the certificate of the organization of the corporation. Appellant offered in evidence a certificate by the secretary of state, dated prior to the execution of this lease, wherein it was certified that the Secretary of State had declared the charter of the Gilmer Creamery Association cancelled for failure of the corporation to make an annual report to the Secretary of State, and pay a fee of $1 therefor. The court refused to admit this certificate. We are of opinion that the question whether appellee had forfeited its charter could not be determined in this collateral proceeding, but only in an

action instituted against the corporation for that express purpose. Williams v. Bank of Illinois, 1 Gilm. 667; Baker v. Backus, 32 Ill. 79.

Appellant having dealt with appellee as an existing corporation, and having received and used its property under an agreement with the corporation, cannot, in this suit to collect the agreed rent, be permitted to deny its corporate existence. Board of Education v. Bakewell, 122 Ill. 339; Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67. But further, the cancellation which the statute authorizes the Secretary of State to enter upon his records in case the corporation fails to make its annual report is not an absolute forfeiture of the charter, but is merely *prima facie* evidence of nonuser of which the public can avail in a direct proceeding to oust the corporation of its franchise. People v. Rose, 207 Ill. 352. No such proceeding had been instituted and the certificate in question did not create a defense to this suit.

The main question is whether the court erred in directing a verdict for appellee. The lease, which contained a number of provisions, required appellant to pay appellee $50 per month, at the same time that he paid his patrons for that month. The lease also contained a provision authorizing either party to terminate the lease by giving the other party thirty days' notice. Appellant had paid all rent up to December 1, 1904. On February 10, 1905, he gave notice to terminate the lease and on March 10, 1905, he vacated the premises. The rent at the terms of the lease at $50 per month from December 1, 1904, to March 10, 1905, amounted to $166.66, and the same had not been paid, and the direction of a verdict for appellee for that amount was correct, unless the matter about to be stated constituted a defense thereto. Early in December or perhaps before that month, appellant began telling the directors and stockholders of appellee, that the business of the factory was so slight that he could not afford to pay the rent, and that, if the company

insisted on his paying rent, he would give thirty days' notice and move out. It is clear that Blume, who appears to have been the president, was of opinion either that appellant ought to be given the premises without rent from December 1, to the end of the term, or else that it was for the interest of appellee to give appellant the rent for that period rather than have him cancel the lease and move out. A meeting of directors, stockholders and patrons was held on December 10, but it was not regularly or properly called, and it was attended by as many patrons who were not stockholders as by stockholders. H. C. Meyer, who apparently was still a director, telephoned appellant that he could not be present, but that he would not consent to the proposition. Blume and H. C. F. Meyer were present and they were the majority of the directors. The meeting was informal and does not seem to have been called to order, nor was any vote taken, but the subject discussed was whether appellant should be permitted to occupy the factory for the rest of the term from December 1, without rent. The proof in behalf of appellant was to the effect that Blume told those present that the company would either have to give appellant the rent from December 1 to May 1, or else close up the factory, and that at the close of the informal discussion Blume said: "It is understood that Mr. Quentin is to have the factory from December 1 to May 1, rent free;" and that H. C. F. Meyer, the second director, was present when this was said and made no objection, but had previously said that they would have to do that or close up. H. C. F. Meyer having afterwards testified denying that he heard Blume make this statement, it was proven by appellant, by way of impeachment, that on the next day after the meeting H. C. F. Meyer told a witness that he had told Quentin at that meeting that he could have the factory, rent free, from that time on, and that Quentin had got the factory without rent. The majority of the directors could

bind the corporation. The lease gave appellant the right to terminate its provisions on thirty days' notice. This evidence tended to show that the two directors then agreed that in consideration that appellant would stay to the end of the term and thus avoid the necessity of closing the factory to the injury of its patrons, the company would give appellant the premises without rent from December 1 to May 1. Afterwards, early in February, the secretary demanded the rent and appellant then gave the notice the contract authorized.

If appellant had continued to occupy the factory then he would have been entitled to have the question whether such an agreement was made submitted to the jury. The record before us appears to contain a preponderance of evidence that no such agreement was made at that meeting. But, on a motion of this kind to instruct the jury to return a verdict in favor of one party, the court is not at liberty to weigh the evidence. If the evidence introduced in behalf of the party against whom the instruction is asked, with the legitimate inferences to be drawn therefrom, fairly tends to support the cause of action or defense of such party, the weight and sufficiency of such evidence and the question where the preponderance lies must be submitted to the jury, even though the court should be of the opinion that the weight was on the side of the party asking the instruction. I. C. R. R. Co. v. Bailey, 222 Ill. 480; Chicago Union Traction Co. v. Lowenrosen, 222 Ill. 506. But the consideration which appellant was to give for having the premises rent free from December 1, was that he was to occupy and run the factory till May 1, thus saving appellee and the patrons of the factory from the inconvenience which might result from the danger that the factory would be shut down. Appellant did not keep this contract. He moved out on March 10, and thereby deprived appellee of the consideration which induced it to agree to let him have the factory rent free, if it did so agree. True,

the secretary telephoned, asking him for the rent, as if the agreement to let him have the factory free had not been made. But the secretary was not the corporation. He does not seem to have even been a director. He may not have known of the agreement, or he may not have wished to consider it as in force. But he could not abrogate a contract made by the majority of the board of directors. Appellant should have refused to pay and stayed in possession and performed his part of the contract. We conclude that when he moved out before the time agreed, he gave appellee the right also to treat the alleged contract as abrogated. Therefore, the jury could not find for appellant, and it was proper to direct the verdict.

We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*