WALTER FOSTER, Trustee in Bankruptcy, Appellant, *vs.* HIP LUNG YING KEE & Co., Appellee.

*Opinion filed December 22, 1909.*

1. FRAUD—*what does not tend to show that corporation was organized to defraud creditors of partnership.* The alleged fact that one-half the stock subscribed was not actually paid in when the commissioners made their report to the Secretary of State does not, if true, tend to establish that the corporation was organized for the fraudulent purpose of purchasing the business of a partnership to defraud the partnership creditors, where the evidence is uncontradicted that all the capital stock was paid in before the purchase was made and no attempt is made to show that the purchase money was not paid over.

2. CORPORATIONS—*legal existence of a corporation de facto can not be collaterally attacked.* The legal existence of a corporation *de facto* can only be determined in a direct proceeding, and not in a proceeding to set aside the purchase of a business by the corporation as in fraud of the rights of creditors of the vendors.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

Appellant, Walter Foster, trustee in bankruptcy of Hip Lung, filed a bill December 7, 1907, in the circuit court of Cook county, charging that Moy Tong Hoy and Moy Tong Yee, prior to and at the time of the bankruptcy of Hip Lung, were co-partners with him, conducting a Chinese grocery at 323 South Clark street, Chicago; that by reason of the bankruptcy of said Hip Lung the co-partnership was dissolved, and that the other partners had failed to account to the trustee and had denied the partnership. On December 9, 1907, the court appointed a receiver to take charge of the effects of said alleged co-partnership. Under the authority of this appointment the receiver took possession of the place of business and property of appellee at 323 South Clark street. December 10, 1907, leave was given to appellee, Hip Lung Ying Kee & Co., a corporation, to file an intervening petition. That petition alleged that the appellee was a corporation organized and incorporated under the laws of Illinois on November 16, 1907, with a capital stock of $17,000, for the purpose of operating and conducting a Chinese grocery and dry goods store, etc.; that on November 19, 1907, it purchased from Moy Tong Hoy and thirty-four of his associates the property and business theretofore conducted by them at 323 South Clark street, paying them $4900, and immediately obtained possession thereof; that said appellee has since that time, and until December 9, 1907, been in undisputed possession, conducting the business provided by its charter; that on December 9, 1907, said receiver took possession of said place by force and deprived the petitioner of all control of the same, claiming that he was acting by order of court. The intervening petition prayed that an order be entered directing said receiver to vacate said premises and surrender possession to appellee. After issues were joined the cause was referred to a master in chancery to take proofs and report to the court. The master recommended that the receiver be ordered forthwith to surrender and deliver up

to appellee possession of the premises and all the property, effects, merchandise, moneys, papers and documents therein, theretofore seized and taken possession of by said receiver, and that appellant and said receiver be taxed the costs. December 19, 1907, the master's report was approved and decree entered accordingly. An appeal being prayed to the Appellate Court for the First District, the decree of the lower court was affirmed. From the judgment of the Appellate Court this appeal has been prosecuted.

LOUIS GREENBERG, for appellant.

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The evidence in the record shows that for some time prior to November 6, 1907, thirty-five persons, whose signatures appeared on the bill of sale mentioned hereinafter, were the joint owners of the stock of goods and merchandise of a Chinese grocery and dry goods store located at 323 South Clark street. It seems to be conceded that the facts show that under our law the ownership of said stock of goods by said thirty-five persons must be held to be a partnership. The evidence further shows that on November 16, 1907, the intervening petitioner received from the Secretary of State a certificate of incorporation, which was filed for record in the recorder's office of Cook county November 21, 1907. Directors and officers were elected for this corporation, and on November 26, 1907, it purchased from the said thirty-five persons the stock of groceries, merchandise and fixtures at 323 South Clark street for $4900, the former owners executing a bill of sale to appellee conveying said stock of goods and fixtures.

The main contention of appellant is, that the appellee company was fraudulently organized and incorporated for the purpose of fraudulently purchasing the stock of goods

from said partnership, so as to defeat the creditors of said partnership and prevent them from collecting what was due to them. The contention that appellee was fraudulently incorporated is based chiefly upon the fact that the statement of the commissioners authorized by the Secretary of State to incorporate appellee shows that the capital stock of $17,000 was paid in to them on November 16, 1907, while the testimony taken before the master tends to show that a part or all of this stock was not paid for until a later date, the argument being that section 4 of the act concerning corporations for pecuniary profit (Hurd's Stat. 1908, p. 524,) provides that before the certificate of organization is issued by the Secretary of State the commissioners shall report, among other things, to the Secretary of State that not less than one-half of the capital stock subscribed has been "actually paid in." There is no positive evidence in the record that one-half of the capital stock subscribed was not actually paid in prior to the making of this report to the Secretary of State. The evidence is uncontradicted that all of the capital stock of $17,000 was paid in before the purchase of said stock of goods and merchandise on November 26, 1907. No attempt was made by the appellant to introduce evidence to show that this capital stock was not all paid in before November 26, as testified to by witnesses for the appellee, or that the $4900 was not actually paid over on November 26 to the members of the co-partnership for the stock of goods and merchandise. We do not think this record contains any evidence indicating that the corporation was fraudulently incorporated, as contended by appellant. Moreover, we are disposed to hold that the legal existence of this corporation can only be determined by a direct proceeding, the evidence showing it is a *de facto* corporation. (*Morrison* v. *Forman,* 177 Ill. 427; *Cozzens* v. *Chicago Brick Co.* 166 id. 213; *Marshall* v. *Keach,* 227 id. 35; *Imperial Building Co.* v. *Board of Trade,* 238 id. 100.) Therefore it is unnecessary for us

to decide here whether said section 4 of said incorporation statute requires that one-half of the subscription to the capital stock should have been paid to the commissioners, or to any other person, before the report by the commissioners to the Secretary of State.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*