## The People of the State of Illinois ex rel. Henry E. Jacobs, State's Attorney et al., Appellant, v. The Citizens Telephone Company of Pekin, Illinois, Appellee.

### Gen. No. 5,825.

1. QUO WARRANTO, § 57*—*when corporate existence of respondent cannot be questioned on review.* Where on information in the nature of a quo warranto a telephone company was brought into court by its corporate name, and the company so appeared and pleaded, its corporate existence cannot be questioned in the Appellate Court.

2. QUO WARRANTO, § 46*—*when plea need not allege that respondent's grantor was a de jure corporation.* Where on information in the nature of a quo warranto charging a telephone company with using the streets and alleys without warrant or authority, respondent Company filed pleas alleging it exercised its right as grantee of another corporation, *held* that it was immaterial whether the pleas alleged that respondent's grantor was a *de jure* corporation, that such corporation was not a party to the suit, and the validity of its charter could not be questioned in a collateral proceeding.

3. TELEGRAPHS AND TELEPHONES, § 7*—*when telephone company cannot be ousted of its privilege to use streets and alleys.* A corporation duly authorized by its charter to transact a telephone business and having for five years conducted that business in compliance with the terms of an ordinance of a city, with acquiescence of the city authorities, cannot be ousted of its privilege to use the streets and alleys of the city because its grantor may not have been a *de jure* corporation.

Appeal from the Circuit Court of Marshall county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the June term, 1913. Affirmed. Opinion filed April 15, 1914.

HENRY E. JACOBS and HOMER BARNEY, for appellant; BARNES & MAGOON, of counsel.

E. D. RICHMOND and PAGE, WEAD, HUNTER & SCULLY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

In January, 1912, appellant, the State's Attorney of Marshall county, filed an information in the nature of a quo warranto on the relation of the mayor and alderman of the city of Lacon in said county against appellee, The Citizens Telephone Company of Pekin, Illinois, charging that appellee was conducting a telephone system in said city of Lacon, setting poles, stringing wires, etc., in the streets and alleys of said city and doing other business usual to such companies, without warrant or authority.

The information avers that appellee is an Illinois corporation. Summons was issued and served on it in that character and it appeared as a corporation and pleaded in justification an ordinance of said city of Lacon passed in February, 1902, granting to one J. C. Mead, his associates, successors and assigns, authority to construct and operate a telephone system in said city of Lacon under certain conditions therein expressed; an acceptance of said ordinance by J. C. Mead and assignment of his rights thereunder to the Pekin Telephone Company, an Illinois corporation, in February, 1902, and an assignment by the Pekin Telephone Company to appellee in July, 1907; and that under the terms and provisions of said ordinance, J. C. Mead and his successors and assigns, as above named, constructed and have operated a telephone system in said city of Lacon continuously since December, 1902; that appellee has operated the same continuously since the date of said assignment to it, setting out in detail acts usual to such service and averring strict compliance with said ordinance and acquiescence of said city in what had been done in construction and operation of said system.

The pleas contain recitals of the organization of appellee corporation, also of its grantor, the Pekin Telephone Company corporation, but do not in terms aver that the final certificate of incorporation in either case was filed for record within two years from the date of license in the county where the principal office was located.

A demurrer to the pleas was overruled and judgment entered against appellant, who brings the case here for review, and on errors assigned argues that the demurrer should have been sustained because he says the pleas fail to show said filing for record of the final certificate of either corporation and are therefore bad.

Appellant having brought apppellee into court by its corporate name and appellee having so appeared and plead, its corporate existence cannot be here questioned. *North & South Rolling Stock Co. v. People ex rel. Schaefer,* 147 Ill. 234; *People ex rel. City of Pontiac v. Central Union Tel. Co.,* 192 Ill. 307. The remaining question is whether a corporation duly authorized by its charter to transact the business in question and having for five years conducted that business in compliance with the terms of an ordinance of the city, with the acquiescence of the city authorities, can be ousted of its privilege to use the streets and alleys of the city because its grantor may not have been a *de jure* corporation.

We are of the opinion that it is immaterial whether the pleas be read as alleging that appellee's grantor was a *de jure* corporation. This is certainly a collateral proceeding so far as the validity of the charter of the Pekin Telephone Company is concerned; it was not a party to this suit. The validity of its charter cannot be here questioned. *Gilmer Creamery Ass'n v. Quentin,* 142 Ill. App. 448, and cases there cited. Even had it appeared by the pleadings that the Pekin Telephone Company failed to file for record its final certificate within the time limited, still the title of appellee to its property and its license could not in this proceeding be questioned on that ground; a *de facto* corporation can acquire and convey property. The pleas set out in detail facts showing the usual construction of a telephone system and extensions from time to time. The result of a judgment for appellant would be the destruction of appellee's property rights which, under

the facts plead, the city should be estopped from doing.

The judgment is affirmed.

*Affirmed.*