## The Woodlawn Social Entertainment Association, Appellee, v. John W. Anderson, Appellant.

### Gen. No. 5,891.

1. CORPORATIONS, § 17*—*effect of failure to file certificate of incorporation for record.* Failure of a corporation to file its final certificate for record in the county of its principal place of business does not deprive it of the right to acquire and hold property, and if such failure be the only neglect of the corporation to comply with the law, it is a corporation *de facto* and its existence cannot be attacked collaterally.

2. CORPORATIONS, § 34*—*right to question existence.* A private individual cannot question the legal existence of a *de facto* corporation.

3. CORPORATIONS, § 518*—*when rejection of evidence of cancellation of charter not prejudicial.* In an action by a corporation, where a plea of *nul tiel corporation* was filed, rejection of the certificate of cancellation of plaintiff's charter by the Secretary of State offered to show nonuser, *held* not prejudicial where it was clear that the corporation did use its franchise and acquired property and dealt with the same up to the time of the trial, and there was no controversy in the evidence received or suggested by the evidence offered on that question.

4. FORCIBLE ENTRY AND DETAINER, § 77*—*when evidence of conveyances under which defendant claimed title inadmissible.* In an action of forcible detainer to recover possession of a portion of a building, evidence of conveyances of the entire building under which defendant claimed title to the premises, *held* properly refused where defendant was charged with record notice of plaintiff's title and also actual notice of the extent of plaintiff's rights in the property.

5. CORPORATIONS, § 518*—*when court may instruct jury that corporation is de facto.* In an action brought by a corporation where a plea of *nul tiel corporation* was filed, action of court in instructing the jury that the plaintiff was a *de facto* corporation, *held*

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

not error where the evidence, with all its fair inferences, would lead to no other conclusion than that it was a corporation *de facto*.

6. CORPORATIONS, § 481*—*when defense of ultra vires acts immaterial*. The fact that a corporation not organized for pecuniary profit issued stock to persons who had made voluntary donations to invest in a building for its use, and that it had to some extent used such property for purposes only authorized by corporations for pecuniary profit, *held* not material as a defense in an action of forcible entry and detainer brought by the corporation to recover possession of the property.

Appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914. Rehearing denied May 21, 1914.

NELLIE B. KESSLER, MORRIS & MORRIS and O. F. MORGAN, for appellant.

J. W. KERN, FRANK HARRY and C. G. HIRSCHI, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

A complaint in forcible entry and detainer was filed in the Circuit Court by appellee, The Woodland Social Entertainment Association, June 24, 1912, in which it avers it is a corporation organized under the laws of the State of Illinois, and charges appellant, John W. Anderson (and others afterwards dismissed from the case), with the forcible entry and detainer of a stairway and the second floor of a building in the Village of Woodland, Illinois, particularly described. Defendants pleaded: (1) Not guilty; (2) *nul tiel corporation;* (3) failure to record a certificate of incorporation in the office of the recorder of deeds, in the county of Iroquois, the corporation's principal place of business. A demurrer to the third plea was sustained, the defendants stood by their plea and the case proceeded

*See Illinois Notes Digest, Vols XI to X', and Cumulative Quarterly, same topic and section number.

to a jury trial resulting in a verdict and judgment for the plaintiff, from which this appeal is prosecuted.

It appears from the evidence that a certificate of organization was issued to appellee as a corporation not for pecuniary profit, by the Secretary of State April 17, 1891, in accordance with the provision of our Corporation Act. (J. & A. ¶ 2447.) Every step necessary to a complete organization was taken except the recording of the certificate in the recorder's office of Iroquois county. The object for which it was formed as recited in its charter was: "For social entertainment;" there was a provision that the management be vested in a board of five directors to be elected by the Association; the directors for the first year were named in the charter. The corporation proceeded to make by-laws and appoint a committee to ascertain the cost of a building, and in May, 1891, voted to build the upper story of the building now in controversy, and afterwards built it and by a written instrument under seal duly recorded December 30, 1891, contracted with one Zempel, the owner of the premises, as to the rights of the parties therein, reciting that each party had paid one-half of the cost of the foundation, roof and fire walls; and that the lower story should be used and controlled by the owner of the premises, except the stairway from the ground to the floor of the upper story, and the second story together with said stairway should be owned and controlled by appellee for the period of ninety-nine years; each party to share equally in keeping the roof in repair, and each party to pay taxes on its part of the building. The members of the Association issued to themselves shares of stock, and in the management of its affairs voted in accordance with their stock holdings, and by assessment of the stock raised a fund of about one thousand, eight hundred dollars which they used in paying for building and furnishing the second story as a hall. They proceeded to use the hall, renting it for certain nights of

510     APPELLATE COURTS OF ILLINOIS.

The Woodlawn Social Ent. Ass'n v. Anderson, 187 Ill. App. 507.

the week to the Modern Woodmen and at other times to the Sons of Veterans and again for various entertainments, and at one time for school purposes, acquiring some funds from those sources; and at a meeting on January 6, 1894, a small dividend was ordered, and then and afterwards there was distributed in dividends among the members of the Association in proportion to their stock holdings a few hundred dollars.

For about nine years, or up to October 1, 1900, meetings were held, officers elected and agents appointed in the ordinary manner of conducting the affairs of such associations. Appellant had some connection with the business, acted as secretary of a meeting November 14, 1891, and at a meeting December 12, 1891, offered a resolution under which the committee to let the hall were instructed as to the manner of leasing, and at a meeting May 14, 1892, he was appointed on a committee of three to rent the hall for the coming year. It appears from the record of a meeting of November 26, 1891, that there were 159 shares of stock outstanding owned by twelve persons, their holdings ranging from one to thirty-one shares each.

The Modern Woodmen used the hall as tenants of appellee up to the time possession was taken by appellant. That society had a janitor who was also employed by appellee. He had a key to the hall and a member of the Association also had a key. There seems to have been no election of directors or officers after October 1, 1900, but rent was collected and expenses paid, and the balance from time to time distributed among the stockholders, either by officers elected at that time or by one or more of the principal stockholders who assumed to act for the Association.

In April, 1912, appellant got possession of the premises. There is much evidence as to the way in which he did it, but no question is made that he did take possession and withhold it from appellee. He offered

in evidence a certificate of cancellation of appellee's charter by the Secretary of State for failure to make annual report and pay the fee of one dollar as provided by act of our legislature of 1901. This certificate was dated July 1, 1902. He also offered the record of five warranty deeds of the property beginning with Zempel, the owner, and ending with deed to Peterson June 10, 1908, in each of which this lease was recited, then three warranty deeds beginning with Peterson and ending in deed to appellant recorded May 14, 1912, which deeds described the entire property with no mention of the lease. The court sustained objections to each of these items of evidence offered by appellant on the ground that they were not pertinent to the issues.

Appellant was chargeable with notice of the record title of appellee. Appellee's possession of the premises by its tenant, the Modern Woodmen, from whose janitor appellant obtained the key to get into the building, was also notice of whatever rights it had in the premises; and appellant also knew from his former connection with appellee the nature and extent of its rights in the property. If appellee had a sufficient organization as a corporation to own and control this property, there can be little further question in the case.

The court in sustaining the demurrer to the third plea, in effect, held that the failure of appellee to file its final certificate for record in Iroquois county was immaterial. The law is well settled in this State that such failure does not deprive the corporation of the right to acquire and hold property, and if such failure be the only neglect of the corporation to comply with the law, that it became a corporation *de facto* and its existence cannot be questioned collaterally. *Bushnell v. Consolidated Ice Mach. Co.*, 138 Ill. 67; *Gade v. Forest Glen Brick & Tile Co.*, 165 Ill. 367; *Loverin*

*v. McLaughlin,* 161 Ill. 417; *Marshall v. Keach,* 227 Ill. 35. It is true there must be a law under which such corporation might be lawfully created together with user under such law (*American Loan & Trust Co. v. Minnesota & N. W. R. Co.,* 157 Ill. 641); but there was in this case such a law and such user. A private individual cannot question the legal existence of a *de facto* corporation (*Illinois State Trust Co. v. St. Louis, I. M. & S. Ry. Co.,* 208 Ill. 419; *Thomas v. South Side El. R. Co.,* 218 Ill. 571; *Foster v. Hip Lung & Co.,* 243 Ill. 163.

We have no doubt that appellee was a *de facto* corporation with power to acquire and hold property. Accurately speaking, appellee's property was not the building itself but the right of dominion over it, which certainly involved the right to expel intruders.

We are of the opinion that the court did not err in excluding evidence of the cancellation by the Secretary of State. If this had been a proceeding by the People to forfeit the charter it would have been competent and prima facie evidence of nonuser (*People v. Rose,* 207 Ill. 352); but it does not of itself work a forfeiture of the corporation's charter (*Id. and Gilmer Creamery Ass'n v. Quentin,* 142 Ill. App. 448). It is argued by appellant that he had the right in support of his plea of *nul tiel corporation* to show nonuser, or that it was incumbent on appellee to show user to maintain its standing as a *de facto* corporation, and that this certificate was competent on that issue. This suggestion would require consideration if the evidence received and offered left any question as to user; but it is clear that appellee did use its franchise, acquire property and deal with that property, and continued so to do up to the time of the trial, and there is no controversy in the evidence received, or suggested by the evidence offered, on that question; therefore appellant was not harmed by the rejection of evi-

dence which in this case clearly would not have sustained a finding of nonuser.

We cannot see that the court erred in rejecting the evidence of the conveyances under which appellant claimed title to the premises; they had no force or effect in support of his claim of right to take and keep possession of the property.

It is claimed that the court erred in instructing the jury that appellee was a corporation *de facto,* taking from the jury the decision of the issue presented by the plea of *nul tiel corporation,* which it is said was a question of fact to be determined by the jury. If it is a question of fact for the jury, which appellee denies, the same rule applies here as in other cases where questions of fact are raised by issues joined, they are for the jury to determine; but where the evidence, with all its fair inferences, leads to only one conclusion, it then becomes the duty of the court to instruct the jury to that effect; and we see nothing in this record to lead to any other conclusion than that appellee was a corporation *de facto.*

It is contended by appellant that appellee had departed from its charter right in issuing stock and acquiring property which it used for profit. However that may be, a reference to the cases heretofore cited will show that it is not material in this case. The fact that a corporation may perform *ultra vires* acts does not authorize individuals to seize and hold its property. Appellee had the right to acquire property for the purpose for which it was organized, that involved the right to in some way acquire the money to pay for it, which it might do by voluntary donations of people so disposed, and we see nothing objectionable in issuing so-called stock to such people in proportion to their donations, which is practically what was done in this case; and having acquired a hall we presume it was not *ultra vires* for it to permit its occupancy at

times for purposes similar to that for which it was organized. But it is not a subject of inquiry here whether appellee did or did not, to some extent, use its property for purposes only authorized for corporations for pecuniary profit.

We are of the opinion that the court committed no error of which appellant can complain.

The judgment is affirmed.

*Affirmed.*