## THE I. J. GOLDSTEIN CO. v. MITCHELL.

*Corporations — De facto — Charter cancelled and later reinstated — Sections 5509 and 5511, General Code — Challenge of capacity to contract — Estoppel — Defense available although not pleaded.*

1. Where the charter powers of a corporation are cancelled under the provisions of Section 5509, General Code, for failure to make its necessary reports and pay taxes, and later the corporation is reinstated by complying with Section 5511, General Code, during the time between such cancellation and reinstatement the corporation is a *de facto* corporation, and one having contracted with it as such during such time cannot raise the question of its corporate capacity.

2. An estoppel may be relied upon as a defense although not pleaded, where the facts pleaded and in evidence show an estoppel to arise.

(Decided April 14, 1921.)

ERROR: Court of Appeals for Summit county.

*Messrs. Holden & Stevens,* for plaintiff in error.

*Messrs. May, Zesiger & May,* for defendant in error.

INGERSOLL, J.   The record in this case shows that The I. J. Goldstein Company was incorporated under the laws of the state of Ohio in February, 1916, and commenced to do business under that style and name; that on the second day of April, 1919, the secretary of state cancelled the articles of incorporation by appropriate entry on the margin of the record thereof, for failure on the part of The I. J. Goldstein Company to make its necessary reports to the state tax commission and pay its taxes or fees; that on the 16th day of February, 1920, within two years after the cancellation of its articles of incorporation by the secretary of state, The I. J. Goldstein Company filed with the secretary of state a certificate from the tax commission of Ohio showing that it had complied with all the requirements of the law, by making all necessary reports and paying all taxes or penalties due from it; that it also paid to the secretary of state the statutory penalty of one hundred dollars, whereupon the secretary of state cancelled the entry made by him cancelling the articles of incorporation; and that on September 24, 1919, between the date of the cancellation of the articles of incorporation of The I. J. Goldstein Company and its reinstatement, the contract on which this action was brought in the court below was entered into by and between The I. J. Goldstein Company and R. Mitchell, the defendant in the court below.

In this action, for a third defense to plaintiff's petition, the defendant alleged the fact that on the date on which said contract was entered into there was no such corporation in the state of Ohio as The I. J. Goldstein Company, and that on Decem-

ber 23d, on which date the suit was filed, there was no such corporation in the state of Ohio, and the plaintiff had no right of action.

At the trial below counsel for defendant moved for judgment upon the pleadings, exhibits, and admissions of counsel in open court, and further moved that the petition of plaintiff be dismissed at its costs, which motions the court granted.

The contract having been made during the time of suspension of the charter of plaintiff in error, the question before this court is whether or not it could make a valid contract, the plaintiff in error contending that it could and the defendant in error contending that it could not.

We think that under the authorities there can be no doubt that the section of the Ohio statutes providing for such cancellation, which is Section 5509, General Code, is merely a measure for the purpose of collecting a revenue for the state from corporations. It must be construed in connection with Section 5511, which provides in substance that upon the payment of the taxes, for nonpayment of which the charter had been cancelled, and a penalty of one hundred dollars, the entry of cancellation may be cancelled and set aside by the same authority which cancelled the charter originally.

. Under this state of the law and facts it is clear to us that the cancellation of the charter amounted in effect only to a suspension of the corporation from its power to act until it had complied with the provisions of Section 5511, authorizing the cancellation of the suspension of that power.

There can be no question, from the authorities cited in 2 Cook on Corporations (7 ed.), Section

637, that the corporation was during all this time a *de facto* corporation, and that the defendant in error having contracted with it as such, cannot raise the question of its inability to act as such. A large number of cases are cited to the effect that one who has taken a promissory note from a corporation whose charter powers have been suspended cannot raise that question by way of defense to an action on the note. Other cases hold the same doctrine with respect to actions founded on different kinds of contracts, as, for instance, the collection of rent.

In the case at bar the nature of the contract was to furnish specifications and plans for a building. We see no difference in principle between this case and the cases above referred to.

In the case of *Gilmer Creamery Assn.* v. *Quentin,* 142 Ill. App., 448, a case apparently on all fours with the case at bar, the court held as follows, at page 450:

"In the circuit court appellant filed a plea that, at the time of the commencement of the suit, there was no such corporation as the Gilmer Creamery Association. While a plea that there is no such corporation as the defendant named is in abatement and cannot be tried at the same time with a plea in bar, yet a plea denying that the plaintiff is a corporation, is a plea in bar. *Keokuk Bridge Co.* v. *Wetzel,* 228 Ill. 253. It would seem, therefore, that appellant was entitled to the benefit of this plea. Appellee offered in evidence the certificate of the organization of the corporation. Appellant offered in evidence a certificate by the secretary of state, dated prior to the execution of this lease, wherein

it was certified that the Secretary of State had declared the charter of the Gilmer Creamery Association cancelled for failure of the corporation to make an annual report to the Secretary of State, and pay a fee of $1 therefor. The court refused to admit this certificate. We are of opinion that the question whether appellee had forfeited its charter could not be determined in this collateral proceeding, but only in an action instituted against the corporation for that express purpose. *Williams* v. *Bank of Illinois,* 1 Gilm. 667; *Baker* v. *Backus,* 32 Ill. 79."

We have been referred by counsel for defendant in error to authorities to the effect that a person has the right at any time to challenge the power assumed to be exercised by a corporation. We do not believe, however, from our examination of the authorities, that these authorities apply to a case of the character of the case at bar, because of the fact that the challenge of the right of a corporation to exercise its powers here is based upon a mere revenue statute which merely suspends the operation of those powers until the revenue and penalties are paid.

The case of *Zanesville* v. *Zanesville Gas-Light Company,* 47 Ohio St., 1, went to the right of the opposite party to challenge the power of a corporation to act by virtue of the provisions of the franchise creating it, and that is not the question at all involved in this action, which is merely that during a suspension of those powers by the secretary of state for the purpose of enforcing the payment of revenue due the state the corporation is prohibited from exercising its corporate powers; and the re-

maining authorities cited by counsel for defendant in error on the last page of his brief do not apply at all to this case.

We think it is not necessary to hold that defendant below was estopped from setting up the existence of the corporation under the existing circumstances, as the cases cited by Cook on Corporations do not place the proposition upon estoppel at all but upon it being contrary to public policy to allow such defense to be raised in the kind of an action indicated.

It is further claimed by defendant in error that estoppel not having been pleaded, it cannot be relied upon in this action. We admit that that is the general rule with regard to estoppel, but in a case where the facts pleaded and in evidence, or attempted, show an estoppel to arise, we do not believe that it is essential to plead the estoppel, in support of which position we cite the following authorities:

"Inasmuch as an action will not lie on a note executed in furtherance of a scheme to defraud creditors, the administrator of the promisee is estopped from prosecuting such an action by evidence of fraudulent intent imported into the case, although estoppel was not pleaded." *Baker, Exr.,* v. *Hall,* 9 N. P., N. S., 396.

Failure to plead the facts out of which an equitable estoppel arises will not avail after the evidence thereof has been admitted without objection. *Harris* v. *Wallace Mfg. Co.,* 84 Ohio St., 104.

In the opinion in the *Harris case, supra,* the court says, page 107:

"Respecting the evidence tending to show the Wallace Company's disclaimer of interest in the

later invention at the time of the purchase of its rights thereunder by the Harris Company, counsel for the plaintiffs in error admit the general rule that when there is opportunity, the facts out of which an equitable estoppel is claimed to arise must be pleaded, and that in the present case they are not pleaded by the Harris Company to which they would be availing but only by J. Harris to whom they would be unavailing because he has assigned his interest. But since in this state of the pleadings the evidence to establish an estoppel was admitted without objection, is it not entitled to be considered, notwithstanding the absence of such allegations as would make it competent?"

In view of the foregoing authorities, we think the court below erred in granting the motions of the defendant for a judgment on the pleadings and statement of counsel, and to dismiss the action, and that the judgment of the court in so doing is contrary to law, for which reason the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

WASHBURN, P. J., and VICKERY, J., concur.