### THE J. H. HINZ CO v FREEMAN

Municipal Court of Cleveland

Decided April 3, 1939

Milton C. Portman and John H. Ritter, Cleveland, for plaintiff.

F. W. Warady, Cleveland, for defendant.

## OPINION

By DRUCKER, J.

On April 21, 1937, the defendant herein gave to the plaintiff a certain check, which was executed as follows:

"The Cleveland Trust Company No. 992
 Cleveland, Ohio,

 April 21, 1937
Pay to the Order of J. H. Hinz Co. $27.31
Twenty-seven and 31/100 . . . . . . . . . . Dollars
 The Woodhill Chemical Co.
 (signed) Norman J. Freeman"

The check was duly presented for payment on April 22, 1937, but was returned to plaintiff for the reason that there was not sufficient funds.

The Woodhill Chemical Company, the recipient of the consideration for which the check was issued, was incorporated in Ohio in 1932, but by reason of a failure to pay taxes, its articles of incorporation were cancelled on November 15, 1935. However, business was continued under the corporate name and Norman J. Freeman, the defendant, was a stockholder, director and secretary of the corporation.

Plaintiff instituted this action to recover from the defendant individually on the theory that the signature of an officer of a corporation on a check, without designation of his representative capacity, binds him individually.

Before the negotiable instrument law was adopted in Ohio, the established rule appeared to be that parol evidence could not be introduced to show the capacity in which the instrument was signed in the circumstance where an agent failed to designate sufficiently his representative capacity. The cases cited in support of this general rule indicate that not a single situation was presented to the court wherein the instrument in issue contained an ambiguity on its face relative to the liability of the agents. In Titus v Kyle, 10 Oh St, 445 (1859) the instrument upon which the controversy rested was a promissory note, reading as follows: "We, or either of us, promise * * *" and such promise was signed by five directors without evidence of their official capacities. Parol testimony was excluded because the language embodied in the note was not only appropriate, but the usual and customary language employed in executing a joint liability. In Collins v Buckeye State Insurance Co., 17 Oh St, 215 (1867), Robinson v Kanawha Valley Bank, 44 Oh St, 441 (1886) and Bank v Cook, 38 Oh St, 442 (1882), no ambiguity existed on the face of the instrument because the agent's signature alone appeared, and the principal's name was nowhere indicated. Consequently, before the N. I. L. the Ohio courts had not expressed a view concerning the admissibility of parol evidence in a situation where the signatures were attached to a check in an ambiguous fashion.

Does the N. I. L. have any application to the issue here involved? Section 20 or 8125, GC reads:

"When the instrument contains, or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized. But, the mere addition of words describing him as agent, or as filling a representative character without disclosing his principal, does not exempt him from personal liability."

The primary purpose sought to be accomplished by the insertion of this section was the protection of an officer of a corporation who signed on behalf of the company, yet was held personally liable even though his capacity was designated, for the reason that such suffix was considered as mere descriptio personæ. This section has been construed as prohibiting parol evidence to explain the character of the person's signnature. But, however this section of the N. I. L. is sought to be

interpreted or distorted, the fact remains that it does not, by its language, exclude parol evidence, nor was it primarily intended to accomplish this result by its enactment.

The basic question in the instant case is a factual one. Does the instrument involved contain an ambiguous signature so that as between the original parties, the payee should be reasonably apprised that the check might be one of the company alone, and not of its officer? Numerous cases involving this issue have arisen, but the facts of each, upon examination, prove to be distinguishable from the present case. Many situations refer to a promissory note wherein the language contained reads "We promise to pay" or "We, or either of us promise to pay." In First National Bank v Snyder Mfg. Co., 1 S. W. (2nd) 817 (Ark. 1928); Coal River Colleries v Eureka Coal Co., 132 S. E. 337, 46 A. L. R. 485 (1928); Toon v McCaw, 74 Wash. 335, 133 P. 469 (1913); Wurlitzer Co. v Rossman, 196 Mo. App. 78, 190 S. W. 636 (1916); Kraushoor v Lloyd, 273 N. Y. S. 231, 152 Misc. 269 (1934), it has been held that parol evidence is inadmissible for the reason that the language of the instrument imports a joint liability—hence, no ambiguity exists in a signature of both the corporation and its officer.

However, in Belmont Dairy Co. v Thrasher, 124 Md. 320, 92 A. 766 (1914) a promissory note was involved which read "We promise * * *" but it was signed by a rubber stamp name of the company and an officer who failed to designate his capacity. The court there held that oral evidence was admissible to prove that the officer signed in a representative capacity only.

In Hoffstaedter v Lichtenstein, 196 N. Y. S. 577, (1922) the note read:

"We promise ****
(signed) Carlton Auto Supplies Co. Inc.,
 Sam Lichtenstein,
 Wm Lee, Treas."

The court herein admitted parol testimony of the capacity in which Litchtenstein affixed his signature.

In Germania Bank of Milwaukee v Mariner, 129 Wis. 544, 109 N. W. 574, the liability arose out of a promissory note wherein the name of the corporation appeared in the body of the note as promisor. Consequently, parol evidence was admitted to demonstrate that an officer who signed without adding words indicating his capacity, did, nevertheless, sign only as an officer. Clearly in this situation where the name of the company appears as a promisor, an ambiguity exists sufficient to warrant the introduction of parol testimony. Because of the factual differences, it is difficult to predicate a general rule upon the authorities cited with respect to the questions here involved. At most, it can be said that if the instrument is executed in a form customarily employed in business for the creation of joint liabilities, then parol evidence will not be admitted to prevent liability from attaching to one of the parties.

In the present case, the instrument sued upon is a check, as distinguished from a promissory note found in most of the above cases. Certainly it is not usual business practice for one to receive a check jointly made. Ordinarily a check is either the liability of the company or the liability of an officer, it can rarely be both. Since in the present case, the officer's sig-■■■■ nature is likewise, properly attached thereto as a maker, parol evidence should be admitted to explain the capacity in which the officer signed. The case of Austin Nichols & Company, Inc., v Gross, 98 Conn. 782, 120 Atl. 596 is precisely in point. There the president of a corporation signed a company check without indicating his capacity. The name of the company appears only printed across the left end of the check, yet the court held there existed sufficient ambiguity to warrant the admission of parol testimony.

Plaintiff further contends that the defendant is personally liable because there was no corporate entity in existence at the time the defendant executed the note for the reason that the articles of incorporation of the Woodhill Chemical Company were cancelled on the order of the Tax Commission of Ohio in November, 1935. The case of Eversman v Shipman, 115 Oh St, 269 (1926) is authority for the proposition that after cancellation of the charter, such corporation still has some measure of vitality, and that all its powers have not ceased. In the present case, that a continuation of business by the Woodhill ■■■■ Chemical Company will support liability as a de facto corporation is beyond dispute. At the time the check was executed, plaintiff dealt with the Woodhill Chemical Company as a corporate body, and the consideration for the check was given to the Woodhill Chemical Company as a corporate body. The continuation in business of the company after its charter had been cancelled could not have been otherwise than as a de facto corporation.

It was stipulated and agreed by counsel that if parol testimony were admissible

the defendant would testify that he intended to sign the check as an officer of the corporation and not in his individual capacity.

Finding for the defendant.