LEBANON TROTTING ASSOCIATION ET AL., APPELLEES, *v.*
BATTISTA, APPELLANT.

(No. 397—Decided November 13, 1972.)

*Messrs. Young & Jones* and *Messrs. Bauer, Morelli & Heyd,* for appellees.

*Messrs. Beckman, Lavercombe, Fox & Weil* and *Mr. W. Philip Shepardson,* of counsel, for appellant.

*Messrs. Cranmer & Turkelson,* for the Warren County Agricultural Society.

WHITESIDE, J. This is an appeal from a declaratory judgment of the Warren County Court of Common Pleas in which the court found:

"1. That the Lebanon Trotting Association, plaintiff herein, was a limited partnership, with John J. Carlo the sole general partner and the defendant, Peter L. Battista, one of several special or limited partners;

"2. That the aforesaid partnership by the terms of the agreement was dissolved on December 31, 1971;

"3. That the present lease of the Lebanon Trotting Association with the Warren County Agricultural Society is the property of the partnership for whatever it may be worth, if anything, and unless agreed by all of the partners otherwise, it will be necessary to dispose of the assets of the partnership in accordance with the Ohio Revised Code;

"4. That the lease entered into between the Warren County Agricultural Society and the Lebanon Trotting Club, Inc. of June, 1971, is invalid;

"5. That the lease of the Lebanon Trotting Association may not be sold or assigned without the written consent of the Warren County Agricultural Society and the Warren County Agricultural Society now has the power and right under its lease with the Lebanon Trotting Association to terminate the leasehold interest of the Lebanon Trotting Association;

"6. That the Warren County Agricultural Society has the power and right, if and when it invokes the forfeiture provisions under its lease, to deal with whom it pleases * * * ''

The court further dismissed certain counterclaims of the defendant Battista. Defendant Battista appeals, claiming the trial court erred as follows:

"I. In finding that the partnership, Lebanon Trotting Association dissolved, by the terms of the Agreement, on December 31, 1971.

"II. In finding that unless all of the partners agree it will be necessary to dispose of the assets of the partnership in accordance with the Ohio Revised Code.

"III. In finding that the lease of the Lebanon Trotting Association may not be sold or assigned without the written consent of the Warren County Agricultural Society.

"IV. In finding that the Warren County Agricultural Society now has the power and right under its lease with Lebanon Trotting Association to terminate the leasehold interest of Lebanon Trotting Association.

"V. In finding that the Warren County Agricultural Society has the power and right, if and when it invokes its

forfeiture provisions under its lease, to deal with whom it pleases.

"VI. In dismissing Battista's Counter Claim."

A partnership known as "Lebanon Trotting Association" was originally created in 1948. A new agreement creating a partnership known as Lebanon Trotting Association was executed in 1951 with some change in the membership and the interests of the partners from the 1948 agreement. The purpose of the partnership was to conduct "the business of harness horse racing in the state of Ohio." The main asset of the partnership was a lease with defendant Warren County Agricultural Society of the racetrack known as the Warren County Fairgrounds. In the intervening years, new leases have been executed, as have supplementations and modifications thereof. Defendant Battista raises no issue as to the trial court's finding that the partnership was a limited partnership. Although there is doubt as to whether the partnership is a limited partnership, in view of the noncompliance with various statutory requirements through the years, the nature of the partnership does not appear to have any bearing upon the issues raised by defendant Battista in support of his appeal.

By his first assignment of error, defendant Battista contends that the trial court erred in finding that the partnership was dissolved on December 31, 1971. Paragraph 4 of the 1951 partnership agreement provides that "The said partnership shall commence as of the 1st day of January, 1952 and continue for twenty (20) years." R. C. 1775.05 provides that the laws relating to partnerships generally apply to limited partnerships except to the extent that the laws relating to limited partnerships are inconsistent therewith. R. C. 1775.30 provides that the dissolution of a partnership is caused "by the termination of the definite term or particular undertaking specified in the agreement." The express term of the partnership was twenty years from January 1, 1952. Accordingly, the partnership, Lebanon Trotting Association, was dissolved upon the expiration of that term, unless otherwise agreed to by the partners.

Defendant Battista contends that the conduct of the

partnership in entering into certain agreements, including the lease with the Warren County Agricultural Society extending beyond the term of the partnership, indicates an intention to continue the partnership. However, merely entering into transactions, the completion of which may extend beyond the specified time for dissolution of the partnership, does not necessarily indicate an intention to continue the partnership. Part of the difficulty results from the assumption that a partnership terminates when it is dissolved. However, R. C. 1775.29 expressly provides:

"On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."

Furthermore, R. C. 1775.28 provides:

"The dissolution of a partnership is the change in the relation of the partners caused by any partner's ceasing to be associated in the carrying on as distinguished from the winding up of the business."

R. C. 1775.32 provides, in part, that:

"Except in so far as is necessary to wind up partnership affairs or to complete transactions begun but not then finished, dissolution terminates all authority of any partner to act for the partnership * * *."

In addition, R. C. 1775.34(A) provides, in part, that:

"After dissolution a partner can bind the partnership except as provided in division (C) of this section:

"(1) By any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution."

Thus, there is nothing inconsistent with a dissolution of the partnership in the course of conduct pointed out by defendant Battista, inasmuch as the transactions involved, if uncompleted upon dissolution, may be completed after dissolution as part of the winding up of partnership affairs. The first assignment of error is not well taken.

Inasmuch as the second, third, fourth and fifth assignments of error are interrelated, we shall discuss them together. These assignments of error relate specifically to the lease between the Lebanon Trotting Association and

the Warren County Agricultural Society. That lease was unexpired at the time of the dissolution of the partnership and provided an option to renew for an extended term. In 60 American Jurisprudence 2d 53, Partnership, Section 127, it is stated that:

"* * * Even after dissolution of the partnership, the equitable expectancy of renewal remains a partnership asset for the purposes of liquidation, to be taken into account and disposed of for the common benefit of the partners, and hence, a renewal after dissolution of the firm, taken by less than all the partners, inures to the benefit of the firm."

As indicated above, after dissolution the partnership is not terminated but continues to exist as a partnership for the purpose of winding up partnership affairs and completing transactions begun but not completed prior to dissolution. The lease, including the option to renew, appears to be the most valuable asset of the partnership. One method of winding up partnership affairs might be to sell the leasehold interest and assign the contracts entered into in connection therewith. The sale of this asset is complicated by the fact that the lease provides that it may not be assigned without the consent of the Warren County Agricutural Society. While there is authority in other jurisdictions that a lessor may arbitrarily withhold his consent to an assignment of a lease, we are doubtful under the unusual circumstances surrounding this lease that an arbitrary refusal to consent to assignment would be reasonable. However, that is not an issue that need be determined in this case.

While a sale of the leasehold interest, if feasible and possible, would be one method of winding up partnership affairs, this is not the only method of winding up partnership affairs and completing transactions begun but not yet finished. After dissolution, the partnership continues for the purpose of doing all acts necessary to complete partnership contracts previously entered into. The lease is such a contract.

Accordingly, if a purchaser of the leasehold interest could not be found, or if the consent of the Warren Coun-

ty Agricultural Society to an assignment or sale of the lease could not be obtained, then, in winding up the affairs of the partnership, it would be necessary, in order to preserve the rights under this valuable asset, to continue to operate under the lease as a transaction begun but not yet completed at the time of dissolution. The taking of such steps as are necessary for the reasonable preservation of the partnership assets, or in procuring a favorable market for the disposal, constitute proper action in connection with winding up the affairs of a partnership after dissolution. The limited continuation of the business of the partnership, even for a period of years, may be warranted in connection with the winding up of the affairs of the partnership, if such continuation of the business is necessary for the partners to realize the advantages of a valuable contract or lease entered into prior to dissolution.

Thus, if the only means of availing the partners of the benefit of the value of the lease would be to continue to operate under such lease until its expiration, then such operation may continue as part of the winding up of the partnership affairs after dissolution. It is not necessary that a partnership, in the absence of the consent of all the partners, abandon a valuable asset upon dissolution merely because it may have no ready market value, but the value of such asset can continue to inure to the benefit of the partners through the continuation of the partnership after dissolution.

The dissolution of a partnership operates only with respect to future new transactions, but as to everything past, including the performance of existing contracts, the partnership continues until all preexisting matters are terminated. Thus, with respect to the leasehold interest and the operation of the racetrack, the partnership continues until such interest can be sold or the lease expires.

Turning now, specifically, to the assignments of error, we find that the second assignment of error is well taken in that it is necessary to dispose of the assets of the partnership only to the extent that they can be reasonably disposed of, preserving the value to the partnership. If they

cannot be so disposed of, in winding up partnership affairs, proper steps must be taken to preserve the value of the assets for the partners, which may, if necessary, include the continuation of the conduct of the business to preserve to the partners the value of the leasehold interest. The third assignment of error is not well taken inasmuch as the trial court correctly found that the lease may not be sold or assigned without the written consent of the Warren County Agricultural Society. The fourth assignment of error is well taken in that there is nothing in the record to indicate any right in the Warren County Agricultural Society to terminate the leasehold interest of Lebanon Trotting Association. As indicated above, the partnership continues to exist and continues to hold the lease, after dissolution, and there has been no sale or assignment thereof by virtue of the dissolution.

The fifth assignment of error is also well taken. Even though the court probably stated the law correctly, its holding is predicated upon the finding that the Warren County Agricultural Society had a right to terminate the lease. Since no such right exists, the issue as to with whom the society may deal is irrelevant.

We find that the sixth assignment of error is not well taken. Defendant Battista's counterclaims sought a dissolution of the partnership for the misconduct of the general partner. Since the partnership has been dissolved by its terms, such issues were correctly determined to be moot by the trial court.

Accordingly, we find it necessary to modify the judgment of the trial court to find and declare the rights of the parties as follows:

1. That the Lebanon Trotting Association, plaintiff herein, was a limited partnership, with John J. Carlo the sole general partner and the defendant, Peter L. Battista, one of the special or limited partners;

2. That the aforesaid partnership by the terms of the agreement was dissolved on December 31, 1971, but was not terminated on such date, and continues to exist until the winding up of partnership affairs is completed, includ-

ing the completion of transactions begun but not yet finished at the time of dissolution;

3. That the present lease of the Lebanon Trotting Association with the Warren County Agricultural Society is the property and contract of the partnership, and, unless agreed by all of the partners otherwise, it will be necessary to continue the affairs of the partnership with respect thereto in such manner as is necessary to preserve the benefit and value thereof for the partners until such time, if ever, that it can be disposed of by sale or assignment;

4. That the lease entered into between the Warren County Agricultural Society and the Lebanon Trotting Club, Inc., of June, 1971, is invalid;

5. That the lease of the Lebanon Trotting Association may not be sold or assigned without the written consent of the Warren County Agricultural Society but that society does not have any power or right under such lease to terminate the leasehold interest at this time.

For the foregoing reasons, the first, third, and sixth assignments of error are overruled, and the second, fourth, and fifth assignments of error are sustained; the judgment of the Warren County Court of Common Pleas is affirmed with respect to findings 1, 2, and 4 and the dismissal of the counterclaims of defendant Battista; the judgment is reversed with respect to findings 3, 5, and 6; and the declaratory judgment is modified to read as set forth above. This cause is remanded to that court for further proceedings.

*Judgment accordingly.*

Strausbaugh and Holmes, JJ., concur.

Strausbaugh, Holmes and Whiteside, JJ., of the Tenth Appellate District, sitting by designation in the First Appellate District.