COLUMBIA REAL ESTATE TITLE INSURANCE CO., APPELLEE, *v.* COLUMBIA TITLE AGENCY, INC. ET AL., APPELLEES; KELLER ET AL., APPELLANTS.

(No. 82AP-825—Decided August 16, 1983.)

*Mr. Robert J. Morje* and *Mr. Howard Jay Rosenberg,* for appellee.

*Messrs. Knepper, White, Arter & Hadden, Mr. John A. Carnahan* and *Ms. Lise K. Jacobson,* for appellants.

WHITESIDE, P.J. Defendants Mark D. Keller and Kelley & Keller Co., L.P.A., appeal from a judgment of the Franklin County Court of Common Pleas and raise three assignments of error, as follows:

"I. The trial court erred in holding that under Governing Rule III, Section 4 of the Supreme Court Rules for the Government of the Bar of Ohio, defendant Mark D. Keller, is liable to plaintiff for Joseph P. Kelley's defalcations by reason of Mark .D. Keller's participation as a shareholder in defendant Kelley & Keller Co., L.P.A.

"II. The trial court erred in holding that defendant Mark D. Keller is liable to plaintiff for defendant Joseph P. Kelley's defalcations on the theory that Mark D. Keller was a 'partner' in defendant Columbia Title Agency, Inc.

"III. The trial court erred in holding that defendants Kelley and Keller Co., L.P.A., and Mark D. Keller are liable to plaintiff for defalcations committed by Joseph P. Kelley while acting outside the scope of his authority as a shareholder in the L.P.A. and without authority from Mark D. Keller."

Plaintiff, Columbia Real Estate Title Insurance Company, brought this action against four defendants, Columbia Title Agency, Inc., Joseph P. Kelly, Mark D. Keller and Kelley & Keller Co., L.P.A. The parties stipulated most of the facts, additional evidence being a deposition of Mark D. Keller and certain exhibits connected therewith. Columbia Title Agency, Inc., was incorporated in November 1973, and Joseph P. Kelley has been president of the corporation at all times and has been a fifty-percent owner thereof, having transferred at one time or another the other fifty-percent ownership to Mark D. Keller. However, the articles of incorporation of Columbia Title Agency, Inc., were cancelled by the Secretary of State in 1977 pursuant to R.C. 5733.20. Kelley and Keller were also associated together in the practice of law in a legal professional association known as Kelley & Keller Co., L.P.A. In May 1979, plaintiff and Columbia Title Agency, Inc., entered into a contract under which plaintiff appointed Columbia Title Agency, Inc., as an agent to receive applications for title insurance and to issue title binders, commitments and policies. It was stipulated that there was due plaintiff under this contract $55,842.70 consisting of title insurance premiums collected by Columbia Title Agency, Inc. and not paid to plaintiff.

In addition, Columbia Title Agency, Inc. acted as closing officer for certain real-estate transactions, in all of which

Joseph P. Kelley personally participated and received funds entrusted to Columbia Title Agency, Inc., and made disbursements for the most part by checks from the trust account of Kelley & Keller Co., L.P.A., most of which checks have been dishonored. Plaintiff, as title insurer, has had to make good on certain amounts on several transactions as the result of such dishonor. In short, Joseph P. Kelley defrauded plaintiff, as well as the other defendants, the lending institutions involved and buyers and sellers of property by converting certain funds to his own use. The trial court entered judgment against all defendants for the amount due under the title-agency contract and for certain claims arising from the real estate closings referred to. In addition, the trial court awarded punitive damages and attorney fees against Kelley but not against the other defendants. Kelley and Columbia Title Agency, Inc., have not appealed, so that the judgment has become final as to them. The appeal is only by Keller and Kelley & Keller Co., L.P.A.

The issue raised by the first assignment of error has been determined adversely to defendants-appellants in *South High Development, Ltd.* v. *Weiner, Lippe & Cromley Co., L.P.A.* (1983), 4 Ohio St. 3d 1. See, also, *Reiner* v. *Kelley* (1983), 8 Ohio App. 3d 390, 394. Accordingly, the first assignment of error is overruled.

The second assignment of error raises a substantially different issue. The basic issue raised by this assignment of error is whether the trial court erred in finding that Mark D. Keller is personally liable for the obligations of defendant Columbia Title Agency, Inc., upon the theory that it was a partnership, since its articles of incorporation were cancelled in 1977, and the agency contract was executed in 1979. Plaintiff contends, and the trial court apparently found, that, because of such cancellation of its articles, Columbia Title Agency, Inc., became a partnership when Mark D. Keller became a shareholder only

in one-half interest in the corporation in 1979.

Little authority is cited in support of plaintiff's contention other than an assumption that Columbia Title Agency, Inc. was not a *de jure* corporation at the time, and argument that it was not a *de facto* corporation predicated primarily upon two decisions and R.C. 1775.05(A). While that section does define a partnership as "an association of two or more persons to carry on as co-owners a business for profit," plaintiff's theory would render every corporation having two or more owners a partnership. This is clarified by R.C. 1775.05(B), which states in part: "Any association formed under any other statute of this state * * * is not a partnership." It is stipulated that Columbia Title Agency, Inc. was incorporated as a corporation. There is nothing to indicate that a new association was created when defendant Mark D. Keller acquired a half interest in that corporation. Rather, if he did not acquire a half interest in the corporation, he acquired nothing. It was stipulated that Kelley "was a fifty percent owner of Columbia Title Agency, Inc., and held himself out as president of said business organization," and that Keller "believed himself to be a fifty-percent owner of Columbia Title Agency, Inc., and held himself out as secretary-treasurer of said business organization." It was also stipulated that the corporation was incorporated on November 26, 1973, and that its articles were cancelled pursuant to R.C. 5733.20 on February 15, 1977, and Keller indicated he acquired his interest in February 1978.

Plaintiff relies upon a municipal court decision in *Package Sales Corp.* v. *Cincinnati Orchards Co.* (1922), 24 Ohio N.P. (N.S.) 313. That case negates plaintiff's partnership theory and expressly holds that a partnership is not created by the continuation of the business of the corporation after its charter has been forfeited for failure to pay taxes, citing

Second Natl. Bank of Cincinnati v. Hall (1878), 35 Ohio St. 158, and Medill v. Collier (1866), 16 Ohio St. 599. While not clear, the court apparently imposed liability upon officers and directors directly participating in the business transactions upon the theory of gross negligence, holding liable only those defendants who directly participated in the corporate business with knowledge of the forfeiture of the corporate charter.

The other case relied upon by plaintiff is Chatman v. Day (1982), 7 Ohio App. 3d 281. Although there is some language in the decision tending to support plaintiff's contentions, the actual holding of the court in Chatman was that actual participants in a transaction after forfeiture of a corporation charter are individually responsible. In that case, the individual involved signed the contract in question without indication of his representative capacity, but he contended that he acted on behalf of a corporation. The court did attempt to distinguish Eversman v. Ray Shipman Co. (1926), 115 Ohio St. 269, which clearly and unequivocally holds that cancellation of a corporate charter pursuant to G.C. 5509 (the predecessor to R.C. 5733.20) does not have the effect of terminating all corporate powers of the corporation. The court pointed out that G.C. 5513 (now R.C. 5733.24) provided further for court proceedings to be commenced to oust a corporation under appropriate circumstances. Also, R.C. 5733.23 (formerly G.C. 5512) provides that the Attorney General may, with respect to a corporation in default of payment of taxes, bring an action for "an injunction to restrain such corporation and its officers, directors, and managing agents from the transaction of any business within this state, other than such acts as are incidental to liquidation or winding up * * *."

Any doubt of the legislative intent as expressed in Eversman, supra, has been fortified by an amendment to R.C. 5733.20, specifically providing that the cancellation of the corporate charter thereunder is "subject to Section 1701.88 of the Revised Code," and which further specifically provides for continued existence of the corporation, although for a limited purpose. R.C. 1701.88(A) states in pertinent part:

"* * * [W]hen the articles of a corporation have been canceled * * * the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, but for such purpose it shall continue as a corporation."

In other words, R.C. 1701.88(A) specifically provided that, upon cancellation of its corporate charter, Columbia Title Agency, Inc. continued to exist as a corporation, although for a limited purpose. Similarly, R.C. 1701.86(D) provides that:

"The directors may adopt a resolution of dissolution in the following cases:

"* * *

"(4) When the articles have been cancelled for failure to file annual franchise or excise tax returns or for failure to pay franchise or excise taxes and the corporation has not been reinstated or does not desire to be reinstated; * * *"

It would be indeed an absurd law which would provide that the directors of a corporation could by resolution determine to dissolve a corporation which did not exist. Accordingly, it is clear that, under R.C. 1701.88, the Columbia Title Agency, Inc. was a de jure corporation existing at least for the purpose of winding up its corporate affairs. Whether the execution of the contract in question was ultra vires is an entirely different issue than that which has been presented to this court. However, R.C. 1701.88(D) specifically provides that:

"The directors of the corporation * * * may fill vacancies, elect officers, carry out contracts of the corporation, make new contracts, borrow money, mortgage or pledge the property of the corporation as security * * * lease real estate for any term, including ninety-nine

years renewable forever, settle or compromise claims in favor of or against the corporation * * * and perform all other acts necessary or expedient to the winding up of the affairs of the corporation."

Again, the intent is clear that the corporation continues to exist. *Commonwealth Tel. Co.* v. *Bowers* (1962), 174 Ohio St. 141 [21 O.O.2d 417]. In short, there was continued corporate existence of the corporation during all times in question, and the entity could not be transformed into a partnership merely because its articles have been cancelled by the Secretary of State pursuant to R.C. 5733.20.

In addition, R.C. 1701.13(H) precludes plaintiff from asserting lack of corporate authority of Columbia Title Agency, Inc., said section providing that:

"No lack of, or limitation upon, the authority of a corporation shall be asserted in any action except (1) by the state in an action by it against the corporation, (2) by or on behalf of the corporation against a director, an officer, or any shareholder as such, (3) by a shareholder as such or by or on behalf of the holders of shares of any class against the corporation, a director, an officer, or any shareholder as such, or (4) in an action involving an alleged overissue of shares. This division shall apply to any action brought in this state upon any contract made in the state by a foreign corporation."

Plaintiff is not one of the persons who is permitted to assert lack of corporate capacity pursuant to R.C. 1701.13(H).

This works no hardship upon plaintiff; it receives exactly that which it bargained for when it executed the contract with Columbia Title Agency, Inc. Plaintiff did not appoint Keller as its agent, but, instead, appointed "Columbia Title Agency, Inc., an Ohio Corporation." Nor did the plaintiff in its contract purport to bind Keller to any liability to plaintiff but, instead, agreed that liability should be only from Columbia Title Agency, Inc., an Ohio corporation. The contract itself is expressly executed "Columbia Title Agency, Inc., by Joseph Kelley, President." While Keller also cosigned the contract as secretary-treasurer, he did so only as an "attestor." The word "attest" signifies that the signer is a witness, not that he is a party to the agreement.

With respect to *ultra vires* acts of officers of a corporation, it is stated in 3(A) Fletcher, Cyclopedia of Private Corporations (1975) 195-197, Section 1128, that:

"There is some conflict of opinion as to whether corporate officers are ever personally liable to persons contracting with them as representatives of the corporation merely because the contract is ultra vires.

"* * *

"In any event, an officer is not bound on a contract merely because it is ultra vires, where the circumstances are such that the other party may nevertheless enforce the contract against the corporation. * * *"

It would appear, however, that R.C. 1701.13(H), *supra,* concludes the matter in Ohio so that the lack of corporate authority may not be raised except under special circumstances. The trial court found the corporation to be liable on the contract since it entered judgment against it. There are other bases, of course, for finding Kelley liable to plaintiff, which are not pertinent to this discussion.

As noted earlier, plaintiff intended to deal with a corporation, and there is no indication that it in any manner relied upon the credit of Keller in contracting with Columbia Title Agency, Inc. Whether the contract was *ultra vires* does not appear affirmatively from the record, inasmuch as it is conceivable that the contract could be an appropriate one pursuant to R.C. 1701.88, especially if it were merely a renewal of a pre-existing contract and constituted the primary asset of the corporation. See *Lebanon Trotting Assn.* v. *Battista* (1972), 37 Ohio App. 2d 61 [66

O.O.2d 108]. In any event, it has been held under similar circumstances that a contract is enforceable against the corporation, even though executed after "cancellation" of corporate charter for nonpayment of taxes. *Eversman* v. *Shipman, supra; Sweeny* v. *Keystone Driller Co.* (1930), 122 Ohio St. 16; *I. J. Goldstein Co.* v. *Mitchell* (1921), 14 Ohio App. 231; and *J. H. Hinz Co.* v. *Freeman* (M.C. 1939), 28 Ohio Law Abs. 546.

Although in *Goldstein, supra,* the court considered the corporation to be *de facto* only, a reading of R.C. 1701.88(A) incorporated into R.C. 5733.20 indicates that corporate existence continues, although for a limited purpose. With respect to *ultra vires* acts, it might be appropriate to refer to the corporation as *de facto* for that purpose, however, the corporation itself remains a *de jure* corporation. This is the clear import that is gleaned when reading together R.C. 5733.20, 1701.88, 1701.86(D)(4), 5733.23, 5733.24 and 1701.13(H). Accordingly, the second assignment of error is well-taken.

The third assignment of error is not well-taken for many of the reasons that the second is. Keller and Kelley & Keller Co., L.P.A., essentially contend that defendant Kelley's acts were *ultra vires* as to the corporation. First, we note that their reliance upon *Real Estate Capital Corp.* v. *Thunder Corp.* (1972), 31 Ohio Misc. 169 [60 O.O.2d 342], is misplaced, inasmuch as that decision was reversed on appeal, although the court of appeals decision is unreported; whereas, the court of common pleas decision unfortunately is reported. Nevertheless, the fact that Kelley defrauded Kelley & Keller Co., L.P.A., and Keller, as well as plaintiff, does not relieve him from liability for his acts performed within his apparent authority as a partner of the professional association. Accordingly, the third assignment of error is not well-taken.

For the foregoing reasons, the first and third assignments of error are overruled, and the second assignment of error

is sustained; and the judgment of the Franklin County Court of Common Pleas is reversed insofar as it determines Columbia Title Agency, Inc. to be a partnership and imposes partnership liability upon Mark D. Keller or Kelley & Keller Co., L.P.A., for an obligation of Columbia Title Agency, Inc., and is affirmed in all other respects; and this cause is remanded to that court for modification of the judgment and for further proceedings in accordance with law consistent with this opinion, with the costs of this appeal to be assessed against plaintiff.

*Judgment affirmed in part and reversed in part and cause remanded.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.