OPINION
Plaintiff-appellant Octavia Coal Co. appeals from the February 7, 2000, and October 19, 2000, Judgment Entries of the Licking County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On April 28, 1998, appellant Octavia Coal Co. filed a complaint for breach of contract against appellee Cooper T. Smith Corp. in the Licking County Court of Common Pleas seeking $181,000.00 in damages. Appellant, in its complaint, specifically alleged that appellee had breached its contract with appellant by failing to properly deliver a steel fabrication byproduct to a third party. With leave of court, appellee filed an answer and counterclaim on July 7, 1998. Appellee, in its answer, alleged, in part, that appellant lacked capacity to sue and that appellant's complaint should be dismissed. An answer to appellee's counterclaim was filed by appellant on July 22, 1998.
Subsequently, on December 7, 1999, appellee filed a Motion to Dismiss. In its motion, appellee argued, in part, that since, on February 26, 1999, appellant's corporate charter was canceled by the Ohio Department of Taxation for failure to pay its franchise tax, appellant was no longer a corporation in good standing in the State of Ohio and was "not entitled to the benefits and laws of this state.[1]" Appellee further asserted that appellant's loss of its corporate charter revoked its capacity to maintain its action since appellant's conduct in filing the complaint in the case sub judice was not for the purpose of winding up appellant's corporate affairs pursuant to R.C. 1701.88. A memorandum in opposition to appellee's Motion to Dismiss was filed by appellant on January 18, 2000, to which appellee filed a reply ten days later. Thereafter, pursuant to a Memorandum of Decision and Judgment Entry filed on February 7, 2000, the trial court granted appellee's Motion to Dismiss, holding, in part, as follows:
 "Herein, while Plaintiff [appellant] argues it is continuing to operate as a de facto corporation, the facts indicate otherwise because Plaintiff's articles of incorporation have not been reinstated. Thus, any activities by the Plaintiff must be either to wind up its corporate affairs or to obtain reinstatement of its articles. Because maintaining a legal action on a contract claim is not for the purpose of winding up corporate affairs or for obtaining reinstatement of its articles, Plaintiff can not be permitted to maintain the action. Plaintiff can only be deemed to have been operating as a de facto corporation once its articles of incorporation have been reinstated. Because there has been no reinstatement of Plaintiff's articles of incorporation, Defendant's Motion to Dismiss must be granted."
A Motion to Reconsider was filed by appellant on October 5, 2000. Appellant, in its motion, sought reconsideration of the trial court's February 7, 2000, decision since appellant had paid all franchise taxes and fees through 1999[2]. After appellee filed a memorandum in opposition to the same, the trial court, as memorialized in a Judgment Entry filed on October 19, 2000, denied appellant's Motion to Reconsider.
Thereafter, appellee, on November 8, 2000, filed a notice of voluntary dismissal of its counterclaim without prejudice.
Appellant now appeals from the trial court's February 7, 2000 and October 19, 2000, Judgments, raising the following assignments of error:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT.
 II THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION FOR RECONSIDERATION.
 I
Appellant, in its first assignment of error, argues that the trial court erred in dismissing appellant's complaint. Appellant specifically contends that the trial court erred in holding that the loss of appellant's corporate charter deprived appellant of its capacity to maintain its action against appellee in the case sub judice. We agree.
As is stated above, on February 26, 1999, appellant's corporate charter was canceled by the Ohio Department of Taxation after appellant failed to pay its corporate franchise taxes. Pursuant to R.C. Section 5733.20, after a corporate charter is canceled by the Secretary of State for failure to pay franchise taxes:
 . . . [a]ll the powers, privileges, and franchises conferred upon such corporation by such articles of incorporation or by such certificate of authority shall cease, subject to section 1701.88 of the Revised Code. The secretary of state shall immediately notify such domestic or foreign corporation of the action taken by him, and shall also forward for filing a certificate of the action so taken to the county recorder of the county in which the principal place of business of the corporation in this state is located, for which filing no fee shall be charged. (Emphasis added).
In turn, R.C. 1701.88(A) and (B) address the powers of a corporation to act after its charter has been terminated:
 (A) When a corporation is dissolved voluntarily, when the articles of a corporation have been canceled, or when the period of existence of the corporation specified in its articles has expired, the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, or to obtain reinstatement of the articles in accordance with section 1701.07, 1701.921, 1785.06, or 5733.22 of the Revised Code, or are permitted upon reinstatement by division (C) of section 1701.922 of the Revised Code, and for such purposes it shall continue as a corporation.
 (B) Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment, with right of appeal as in other cases, but any proceeding, execution, or process, or the satisfaction or performance of any order, judgment, or decree, may be stayed as provided in section 1701.89 of the Revised Code.
The Ohio Supreme Court, in State ex rel. Falke v. Montgomery Cty.Residential Development, Inc. (1988), 40 Ohio St.3d 71, 74, cited R.C.1701.88(B) for the proposition that "the dissolution of a corporation does not abate "[a]ny claim existing or action or proceeding pending by or against the corporation or which would have accrued against it. . . ." See, also, Cay Machine Co. v. The Firestone Tire Rubber Co. (1963),175 Ohio St. 295, 298; Columbia Real Estate Title Ins. Co. v. ColumbiaTitle Agency, Inc. (1983), 11 Ohio App.3d 284, 286-287; and Ballenger v.Rickman (March 16, 2000), Franklin App. No. 99AP-774, unreported. Thus, pursuant to R.C. 1701.88(B), an action pending when a corporation's Articles of Incorporation have been canceled may be prosecuted to judgment and through appeal. Build Right, Inc. v. Carroll (June 28, 1990), Cuyahoga App. No. 57059, unreported.
As summarized by the court in Stychno v. Ohio Edison Co. (1992),806 F. Supp. 663, fn. 5:
 Section 5733.20 does revoke corporate powers. However, this revocation is expressly subject to the provisions of Ohio Rev. Code § 1701.88. Section 1701.88(B) pertinently provides that "[a]ny claim . . . by or against the corporation or which would have accrued against it may be prosecuted to judgment. . . ." As one court concisely observed: The cancellation [of the articles of incorporation pursuant to 5733.20] represents no more than a suspension of the corporation's right to do business. The corporation may continue to operate as is necessary in the winding-up process, and formal action in quo warranto is required to revoke its corporate charter. Moreover, even if a corporation is dissolved it may still be sued, and satisfaction or performance of any judgment obtained may be enforced against such corporation.
Id., citing North Consultants, Inc. v. Stimel-Givens (May 14, 1985), Franklin App. No. 83AP-851, unreported.
Based on the foregoing, we find that the trial court erred in holding that, after appellant's corporate charter was canceled, appellant lacked capacity to maintain its action for breach of contract against appellee. The trial court, therefore, erred in granting appellee's Motion to Dismiss.
Accordingly, appellant's first assignment of error is sustained.
 II
Appellant, in its second assignment of error, contends that the trial court abused its discretion in failing to grant appellant's Motion for Reconsideration. As is stated above, appellant specifically had sought reconsideration of the trial court's February 7, 2000, Judgment Entry on the basis that appellant's corporate charter had been reinstated by the Secretary of State.
Based on this Court's disposition with respect to appellant's first assignment of error, appellant's second assignment of error is moot.
Accordingly, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded to the trial court for further proceedings. Costs to appellees.
 __________________________ Edwards, P.J.
Wise, J. and Boggins, J. concur.
[1] Attached to appellee's motion is a copy of a document signed by Ohio's Secretary of State indicating that appellant was incorporated on May 2, 1995, and that, effective February 26, 1999, appellant's corporate charter was canceled for failure to pay the corporate franchise tax.
[2] Although appellant, in its motion, indicates that a copy of the "Certificate of Reinstatement/Qualification issued by the State of Ohio is attached to its motion, there is no copy of the same in the trial court's file.