## CINCINNATI, N. & C. RY. CO. v. CITY OF CINCINNATI, OHIO.

### No. 6557.

Circuit Court of Appeals, Sixth Circuit.

Feb. 13, 1934.

Rehearing Denied June 29, 1934.

L. K. Langdon and C. S. Weakley, both of Cincinnati, Ohio, Chas. W. Milner, of Louisville, Ky., F. M. Tracy, of Cincinnati, Ohio, and Matt Herold, of Newport, Ky., for appellant.

John D. Ellis, City Sol., and Leonard S. Shore, Asst. City Sol., both of Cincinnati, Ohio, for appellees.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Upon application of appellant, the council of the city of Cincinnati on July 20, 1917, adopted a resolution directing advertisement for sealed proposals to construct and operate a street railway in the city of Cincinnati upon certain designated routes, together with the right to erect and maintain an elevated structure over Third street as an approach to the Dixie Terminal building. The resolution provided that the grant should be made to the lowest bidder, provided the rate of fare proposed by the bidder should apply from Cincinnati to the termini of its lines in Kentucky. The appellant bid for the franchise, offering therein to establish a rate of fare of 5 cents for a single passenger carried from any point on its lines within the city to the termini of its lines in Kentucky. This bid was accepted by the city by Ordinance No. 446-1917, which granted a franchise for twenty-five years from September 25, 1917, and provided for a 5-cent fare for a single passenger between any point in Cincinnati on any of the appellant's routes to the termini of its lines in Kentucky. Thereafter the appellant operated under the franchise and charged the contract price for the transportation of passengers from Cincinnati to points on its lines in northern Kentucky until April 8, 1933, when it brought this suit alleging that the fare was inadequate, and seeking an injunction against the city and its officers enjoining them from interfering with the charging of a 7½-cent token or a ten-cent cash fare for a single ride from points on its lines in Ohio to points on its lines in Kentucky. It did not contemplate increasing the intracity fares in Cincinnati, and hence asked no relief as to such fares.

On the hearing of the motion for a preliminary injunction, appellant introduced proofs which we may treat as showing that the five-cent fare from Cincinnati to points on its Kentucky lines is inadequate. The trial court, exercising its discretion as to the exigency of the appellant's demands, denied the motion. We pass on its merits; and it may be stated, as was said in City of Covington v. Cincinnati, Newport & Covington Railway Co. (C. C. A.) 71 F.(2d) 117, that, if there is a valid contract for the five-cent fare, it cannot be avoided on the ground of inadequacy of the returns therefrom. Nor may it be affected by the established rates of fare from Kentucky points to Cincinnati. Port Richmond Ferry v. Hudson County, 234 U. S. 317, 330, 34 S. Ct. 821, 58 L. Ed. 1330.

It cannot be contended that an Ohio city is without power to contract for utility rates. The power has been expressly delegated to the city. Article 18, § 4, Constitution of Ohio. It was held in Interurban Ry. Co. v. Util. Comm., 98 Ohio St. 287, 120 N. E. 831, 3 A. L. R. 696, that utility rates fixed by contract with an Ohio city are not subject to control by the Public Utilities Commission, the regulatory authority in Ohio. Aside from the special power derived from the constitutional provision, supra, Ohio cities have a general power of local self-government with authority to adopt and enforce such local requirements and laws as are not in conflict with the police and sanitary regulations of the state. Article 18, § 3, Ohio Constitution; State ex rel. v. Edwards, 90 Ohio St. 305, 107 N. E. 768. Included in this power is the right of the city to prescribe the terms and conditions on which it will permit a street railway to occupy and use its streets. Billings v. Railway Co., 92 Ohio St. 478, 111 N. E. 155.

In view of these powers which the city possesses, the appellant's attack on the contract here in question is reduced to the contention that it is invalid because it impinges upon the power of Congress to regulate commerce between the states. This argument we had occasion to consider in the Covington Case, and there stated our conclusion that the interstate rates of a street railway are

within the field of contractual rights, and that it is within the power of a city to contract in the interest of its residents with a street railway company for a fixed interstate rate for a definite period of time. We adhere to that conclusion, and for that reason affirm the order of the court below denying the motion for an injunction.

Judge HICKENLOOPER participated in the conference decision of this case and concurred in this opinion.