DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, North Kenova Development Co., Inc., et al. appeal from the Lawrence County Court of Common Pleas grant of summary judgment in favor of Appellees, William Wilson, C. Richard Wilson, George Wilson and Helen Wilson. Appellants raise a single assignment of error for our review, contending that the trial court erred in granting Appellees' motion for summary judgment based on its finding that a corporation whose charter has been cancelled for over seventeen years remained a de facto corporation. Because we find that Appellants lack standing to challenge the *Page 2 
actions of Appellees' corporation and have failed to demonstrate the existence of a genuine issue of material fact precluding a grant of summary judgment in Appellees' favor, we conclude that Appellees were entitled to judgment as a matter of law and affirm the decision of the trial court.
 FACTS {¶ 2} Based upon an affidavit filed by Appellee, C. Richard Wilson, North Kenova Development Co., Inc., hereinafter "original corporation," was originally formed on February 7, 1930, by George and Helen Wilson. George and Helen Wilson had six children, William F. Wilson, C. Richard Wilson, George Phillip Wilson, Kathleen Wilson, Timothy Wilson and Thomas Wilson, who eventually took over ownership of the business, some time prior to 1990. Unbeknownst to the owners, the original corporation's articles of incorporation were cancelled by the Secretary of State of Ohio in 1990, apparently for failure to either pay franchise taxes or file corporate franchise tax returns.[1] Thus, the original corporation was operated through the time of the filing of the present lawsuit, which brought to the owners attention the fact that the articles of incorporation had been cancelled. The operations of the original corporation have, over the years, consisted of *Page 3 
holding real estate, operating a mobile home park and operating a driving range.
 {¶ 3} At some point in 1996, a disagreement developed among the sibling owners of the original corporation, which resulted in the filing of two lawsuits against Timothy and Thomas Wilson. One of the lawsuits was filed by C. Richard Wilson, George Wilson and William Wilson, siblings of Timothy and Thomas Wilson. The other lawsuit was filed by Helen Wilson, mother of Timothy and Thomas Wilson. The original corporation, North Kenova Development Co., Inc., was joined as an additional party. The lawsuits apparently alleged that Timothy and Thomas had improperly operated the corporation and had taken funds from the corporation.[2] In a Magistrate's Decision entered on October 21, 1998, in case number 96-871[3], the Lawrence County Court of Common Pleas removed Timothy and Thomas Wilson from their positions as officers, directors and shareholders of the original corporation and transferred the common stock owned by them back to the corporation. As a result of this action by the court, the sole owners, shareholders, officers and directors of the original corporation, North Kenova Development Co., Inc., became William F. Wilson, C. *Page 4 
Richard Wilson, George Phillip Wilson and Kathleen Wilson. An amended judgment entry was issued by the trial court on December 15, 1998, adopting the decision of the magistrate and constituted a final and appealable order. Neither Timothy nor Thomas Wilson appealed the decision.[4]
 {¶ 4} Because the articles of organization of the original corporation were cancelled in 1990, the original corporation's name, North Kenova Development Co., Inc., became available for use. Appellants herein, on October 12, 2005, registered as a corporation in the state of Ohio under the name North Kenova Development, Co., Inc., hereinafter "new corporation," the exact same name that was held by the original corporation since 1930 and the same name under which the original corporation continued to operate until the filing of this lawsuit. Appellants also registered a new corporation by this name in West Virginia as well. Other than having the same name as the original corporation, there is no evidence in the record to suggest that Appellants, new corporations, have any connection with or *Page 5 
ownership interest in the original corporation that was operated by Appellees.
 {¶ 5} Nevertheless, on May 4, 2007, the new corporations, Appellants herein, filed a complaint against William F. Wilson, C. Richard Wilson, George Wilson and Helen Wilson seeking ejectment and an accounting. Appellants alleged, in their complaint, that Appellees, owners of the original corporation, had taken possession of real property owned by Appellants to which Appellants were entitled to immediate possession. It appears that the real property claimed to be owned by Appellants, the new corporation, was actually property owned by the original corporation. Appellants seem to claim that because they have the same name as the original corporation, they are the original corporation, and, as a result, own the original corporation's property. In addition to the claim for ejectment, Appellants also sought an accounting from Appellees, owners of the original corporation, for any and all funds received as a result of operating under the name of North Kenova Development Co., Inc.
 {¶ 6} Appellees denied the allegations in the complaint and requested dismissal of the action. In their motion to dismiss, Appellees argued that Appellants, newly formed corporations not even coming into existence until after deeds conveying certain real property to the original corporation were *Page 6 
executed and having no connection with the original corporation, lacked standing to seek ejectment and an accounting.
 {¶ 7} During oral argument at the trial court level on the motion to dismiss, Appellees argued that while R.C. 1701.88 governs dissolution of a corporation and requires that after cancellation of its articles of organization a corporation either wind-up its affairs or seek reinstatement, the revised code also provides that only an officer, director, shareholder or creditor of a corporation has standing to force a dissolution. Appellees further argued that because Appellants herein held none of those positions in relation to the original corporation, that they lacked standing to complain of the original corporation's continued operations and did not have a right to ownership of its property or to demand an accounting.
 {¶ 8} Appellants, in their memorandum contra Appellees' motion to dismiss, simply stated that it, "however is "North Kenova Development Company, Inc., which is the only corporation by that name in Ohio and West Virginia. Clearly, it has standing to assert claims on its own behalf." Curiously, Appellants seemed to claim that their newly formed 2005 corporations were, in actuality, the original corporation that was formed in 1930. Although the trial court overruled Appellees' motion to dismiss, it noted that "there are no sworn affidavits or depositions that address the *Page 7 
salient issues. Plaintiffs original Complaint alleges that it is a part owner of real estate, but makes no allegation that it is a Director, Shareholder, or creditor of the Defendant corporation, as required by R.C. 1701.89."
 {¶ 9} Subsequently, both parties moved the court for summary judgment. Appellants' motion for summary judgment was denied and the denial of that motion has not been appealed by Appellants. Appellees' also moved for summary judgment, arguing that despite the cancellation of the original corporation's articles of incorporation, the corporation continued to exist as either a de jure or de facto corporation. They argued the corporation continued to own real property until it became aware, after the filing of the lawsuit, of its duty to dissolve in accordance with R.C. 1701.88, at which point it did proceed to dissolve. Appellees further argued that Appellants, "a new corporation that has nothing to do with the operation other than picking up the name and [sic] has no rights to demanding [sic] an accounting . . ." Appellees supported their motion with the affidavit of C. Richard Wilson, copies of the magistrate's decision and final, appealable order from the 1998 lawsuits and copies of corporate resolutions of the original corporation dissolving the corporation effective December 31, 2007.
 {¶ 10} In their memorandum contra motion for summary judgment, Appellants disputed Appellees' interpretation of R.C. 1701.88, arguing that *Page 8 
the original corporation could have only continued to exist for purposes of winding-up its affairs, which Appellants claimed could not have taken seventeen years. Appellants, however, did not dispute Appellees' argument that it lacked any sort of connection with the original corporation providing it standing to seek ejectment, an accounting or ownership of its property. Further, Appellants failed to provide any evidence demonstrating that it was an owner, director, shareholder or creditor of the original corporation.
 {¶ 11} By judgment entry dated December 20, 2007, the trial court granted Appellees' motion for summary judgment, reasoning as follows: "The Plaintiff, North Kenova Development, Co., Inc., is not the same corporation as North Kenova Development Co., which was incorporated on February 7, 1930, and had it's Charter terminated by the Ohio Secretary of State in the year 1990. As such, the current Plaintiff corporation has no rights in the assets of the 1930 corporation, which happens to bear the same name; the 1930 corporation continued to act in a defacto capacity after the Ohio Secretary of State terminated it's Charter in 1990; Plaintiffs, having no interest in the 1930 corporation or it's defacto operation after 1990, have no shareholder interest or ownership interest in any of the 1930 corporation's assets; having no interest in the assets of the 1930 corporation, Plaintiff is not entitled to an accounting as to that corporation's assets. Defendants are, *Page 9 
therefore, granted judgment as a matter of law as prayed for in their motion for summary judgment."
 {¶ 12} Subsequently, on January 10, 2008, the trial court issued a Judgment Entry Final Appealable Order and it is from that final order that Appellants bring their current appeal, assigning a single assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 13} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON THEIR FINDING THAT A CORPORATION WHOSE CHARTER HAS BEEN CANCELLED FOR OVER SEVENTEEN YEARS REMAINED A DE FACTO CORPORATION."
 STANDARD OF REVIEW {¶ 14} When reviewing a trial court's decision regarding a motion for summary judgment, appellate courts must conduct a de novo review.Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243;Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241. As such, an appellate court reviews the trial court's decision independently and without deference to the trial court's determination. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153. *Page 10 
 {¶ 15} A trial court may grant a motion for summary judgment only when: 1) the moving party demonstrates there is no genuine issue of material fact; 2) reasonable minds can come to only one conclusion, after the evidence is construed most strongly in the nonmoving party's favor, and that conclusion is adverse to the opposing party, and; 3) the moving party is entitled to judgment as a matter of law. Civ. R. 56; see, also, Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 16} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ. R. 56(C) * * *." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292,1996-Ohio-107, 662 N.E.2d 264. These materials include "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Id. at 293; quoting Civ. R. 56(C). If the party moving for summary judgment fails to satisfy this initial burden, the motion must be denied. Dresher at 294. However, if that burden is satisfied, the onus shifts to the non-moving party to provide rebuttal evidentiary materials. See Trout v. Parker (1991), *Page 11 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; Campco Distributors, Inc. v. Fries (1987),42 Ohio App.3d 200, 201, 537 N.E.2d 661. It is with these principles in mind that we turn our attention to the case presently before us.
 ASSIGNMENT OF ERROR {¶ 17} In their sole assignment of error, Appellants contend that the trial court erred in granting Appellees' motion for summary judgment based upon its finding that the original corporation, despite having its articles of incorporation cancelled for failure to pay franchise tax, continued to exist as a de facto corporation. Appellants contend that after having their corporation's articles of organization cancelled, Appellees were required to either wind-up the corporation's affairs or seek reinstatement of the articles of incorporation, as provided in R.C. 1701.88. Appellants further assert that the original corporation could not have been considered to be taking steps to wind-up its affairs when it continued to operate for seventeen years after cancellation of its articles of incorporation. Appellants then seem to argue that because they are newly formed corporations with the same name as the original corporation, whose articles of incorporation were cancelled, they are the lawful owners of the original corporation's assets, and are entitled to an accounting of that corporation. Initially, we note that even assuming R.C. 1701.88 prohibited the original corporation's continued operation for *Page 12 
seventeen years after the cancellation of its articles of incorporation, Appellants' argument that the result is that it now owns the original corporation's assets, simply because it was granted use of the original corporation's name by the Secretary of State of Ohio, is an illogical leap.
 {¶ 18} We conclude, after reviewing the decision of the trial court, that although the trial court referred to the original corporation's continued operations in a "defacto capacity," the trial court granted summary judgment to Appellees based upon Appellants failure to have any ownership or shareholder interest in the original corporation. As such, the trial court essentially determined that Appellants lacked standing and had no entitlement to ejectment or to seek an accounting. Thus, we must determine whether the trial court erred in determining that Appellants, because of their failure to have an ownership or shareholder interest, lacked standing to challenge the continued operation of the original corporation or to seek an ejectment and accounting.
 {¶ 19} R.C. 5733.20 provides that if a corporation fails to file tax returns or pay taxes as required by law for ninety days after the time prescribed by law for making such a return or paying such tax, then upon certification of such fact to the secretary of state by the tax commissioner, "[t]he secretary of state shall thereupon cancel the articles of incorporation *Page 13 
of any such corporation * * *. Thereupon all the powers, privileges, and franchises conferred upon such corporation by such articles of incorporation or by such certificate of authority shall cease, subjectto section 1701.88 of the Revised Code." (Emphasis added).
 {¶ 20} R.C. 1701.88 provides in section (A) that:
"* * * when the articles of a corporation have been canceled * * * the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, or to obtain reinstatement * * *. R.C. 1701.88(D) further provides that:
"* * * the directors shall proceed as speedily as is practicable to a complete winding up of the affairs of the corporation and, to the extent necessary or expedient to that end, shall exercise all the authority of the corporation. Without limiting the generality of such authority, they may * * * mortgage or pledge the property of the corporation as security, sell its assets at public or private sale, make conveyances in the corporate name, lease real estate for any term * * *."
 {¶ 21} Clearly these statutes, when read together, provide that Appellees had a duty to wind up the affairs of the original corporation beginning in 1990 when the articles of incorporation were canceled. It is undisputed that Appellees did not wind up the operations of the original *Page 14 
corporation until after this lawsuit was filed in 2006. However, there is nothing in the wording of the statutes to indicate that Appellees, by continuing their operations, lost title to their corporate real estate. To the contrary and as set forth above, R.C. 1701.88 provides that in winding up its affairs, corporate directors have the power to "mortgage or pledge the property of the corporation as security, sell its assets at public or private sale, make conveyances in the corporate name, [and] lease real estate for any term." . Further, R.C. 1701.88(F) provides that "[a]ll deeds and other instruments of the corporation shall be in the name of the corporation and shall be executed, acknowledged, and delivered by the officers appointed by the directors." Thus, there is nothing to suggest that a corporation whose articles have been canceled loses ownership of its assets, including its real property. This conclusion is further supported by McFeely v. Gervin (Sept. 23, 1991), Stark App. No. CA-8382, 1991 WL 200303, which held that the subject corporation, whose articles of incorporation had been canceled for over five years, could inherit property. Specifically, the McFeely court reasoned that the subject corporation "was a de jure corporation existing at least for the purpose of winding up corporate affairs," and, therefore, "was a proper beneficiary under the will." Id. *Page 15 
 {¶ 22} In reaching this conclusion, the McFeely court reasoned as follows regarding a corporation whose articles have been canceled due to failure to pay franchise taxes:
"Revised Code 5733.24 gives the Attorney General the authority to commence an action in quo warranto to annul a corporation's privileges and franchises, when the corporation has failed to report or pay franchise taxes. Had the legislature intended to give the Secretary of State full power to cancel corporate franchises, the legislature would not have needed to enact 5733.24. GMS Management Co. v. Axe (1982), 5 Ohio Misc.2d 1, 6, 449 N.E.2d 43. Revised Code 1701.86(D)(4) allows a corporate board of directors to adopt a resolution of dissolution when the articles of incorporation are cancelled for failure to pay taxes. Such action would be unnecessary if the corporation ceased to exist upon cancellation of the articles by the Secretary of State. Columbia RealEstate v. Columbia Title Agency (1983), 11 Ohio App.3d 284,465 N.E.2d 468, 472." Such reasoning is applicable to the facts presently before this court.
 {¶ 23} Additionally, we also find persuasive the reasoning set forth in Thoms, Inc. v. Rezzano (Nov. 10, 1988), Cuyahoga App. Nos. 54541, 54671 and 54691, 1988 WL 121021, which concluded the appellee lacked standing *Page 16 
to challenge the authority of the appellant corporation, relying on R.C. 1701.13(H), which provides that:
"(H) No lack of, or limitation upon, the authority of a corporation shall be asserted in any action except (1) by the state in an action by it against the corporation, (2) by or on behalf of the corporation against a director, an officer, or any shareholder as such, (3) by a shareholder as such or by or on behalf of the holders of shares of any class against the corporation, a director, an officer, or any shareholder as such, or (4) in an action involving an alleged over issue of shares. * * *."
 {¶ 24} In light of the foregoing cited statutory and case law, we conclude that the original corporation continued to exist as a de jure corporation[5], at least for the purpose of winding up, even after its articles of incorporation were canceled by the secretary of state. As such, it continued to own its assets, including its real property, and had the power to dispose of them accordingly, which it did, when it finally dissolved after the filing of the present lawsuit. As a result, Appellants have failed to show they have any ownership interest in the original corporation's property, simply by virtue of the fact that they now share the same name. Further, Appellants *Page 17 
have provided no evidence that they are a director, officer or shareholder and therefore, have failed to demonstrate standing to challenge the continued operations of the original corporation. Finally, there is no evidence in the record to suggest that the Attorney General ever commenced a quo warranto action against the original corporation.
 {¶ 25} Just as Appellants have failed to demonstrate standing to challenge the actions of the original corporation, or to show any connection which would entitle them to an interest in the assets of the original corporation, Appellants have also failed to demonstrate a right to an accounting of the original corporation. Because there exists no genuine issue of material fact as to Appellants' lack of an ownership interest in the original corporation, we conclude that Appellees are entitled to judgment as a matter of law with respect to Appellants' claims for ejectment and accounting. Accordingly, we overrule Appellants' sole assignment of error and affirm the trial court's grant of summary judgment in Appellees' favor.
 JUDGMENT AFFIRMED. *Page 18 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Kline, J.: Concur in Judgment Only.
[1] Both of these possible reasons for cancellation are mentioned in the record, without clarification or evidence as to what the exact reason for cancellation was. Although Appellees' brief cites this Court to the deposition testimony of Thomas Wilson to explain the reason for the cancellation of the articles of organization, it does not appear that that deposition transcript was ever filed or made part of the record and, therefore, it is not properly before us for review.
[2] These facts are taken from Appellees' brief and have not been disputed by Appellants. An actual copy of the complaint filed, however, is not part of the record before us.
[3] The Magistrate's Decision combined this case with the case filed by Helen Wilson, identified as case number 96-870, for disposition.
[4] Appellees seem to offer the information about this prior lawsuit for two reasons. First, they offer it in order to demonstrate who the owners of the original corporation were at the time of the filing of the present lawsuit. Secondly, Appellees seem to offer this information in order to demonstrate that their brothers, Timothy and Thomas Wilson, who they suspect to be behind the filing of the present lawsuit, have no interest in the original corporation as a result of the 1998 judgment entry. However, as the trial court correctly noted, while the court can take judicial notice of the judgment entry in the 1998 case, that case involved different parties than the present case. Specifically, although Appellees allege that it is their brothers, Timothy and Thomas, that have initiated the present lawsuit on behalf Appellants herein, Appellees have provided no evidence to substantiate this allegation. However, we do find that the 1998 judgment entry demonstrates that the sole owners of the original corporation, North Kenova Development Co., Inc., consist of William F. Wilson, C. Richard Wilson, George Phillip Wilson and Kathleen Wilson.
[5] Black's Law Dictionary, 8th Ed. defines a de jure corporation as "a corporation formed in accordance with all applicable laws and recognized as a corporation for liability purposes." Appellees have used the terms "de facto" and "de jure" interchangeably, as has much of the case law we have reviewed; however, we conclude that the best description of the original corporation's status from 1990 until its dissolution was "de jure," at least for the purpose of winding up its affairs. McFeely, supra. *Page 1